■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHESTER SPRY, Appellant.— Appeal (1) from a judgment of conviction rendered by the County Court, Westchester County, on June 23, 1958, sentencing appellant, after he had been found guilty by a jury of attempted rape and assault in the second degree, to serve on each count an indefinite term in the Elmira Reformatory, both sentences to run concurrently, and (2) from each and every intermediate order therein made. Judgment unanimously affirmed. No opinion. No separate appeal lies from the intermediate orders which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY PAQUA, Respondent, against EDWARD M. FAY, as Warden of Green Haven Prison, et al., Appellants.— Appeal from an order sustaining a writ of habeas corpus and directing that respondent be discharged from custody. Order reversed upon the law, without costs, writ dismissed, and respondent remanded to the custody of the Warden of Green Haven Prison. The findings of fact are affirmed. While respondent was on parole from Auburn Prison, he was arrested by the authorities of Westchester County for the crime of robbery in the first degree and was incarcerated in the Westchester County Jail. Thereupon, he was declared delinquent, and a parole violation warrant was lodged against him at the jail. Before a trial could be had on the indictment for robbery, he was committed to Matteawan State Hospital by the County Court, Westchester County, upon the ground that he was incapable of understanding the charge or of making his defense thereto. After his discharge from said hospital, almost five years later, he pleaded guilty under said indictment to attempted robbery in the third degree. In May, 1954 he was sentenced to serve from 2½ to 10 years, but execution thereof was suspended, and he was placed on probation for five years, to begin upon his release from State prison after serving the balance of the delinquent time upon the prior sentence. Without credit for his stay at Matteawan, he then owed approximately 5 years and 11 months on the earlier sentence; with such credit, he owed approximately a year. This proceeding was begun in February, 1957, about 2 years and 9 months after his return to prison. The Special Term ruled that the period of respondent's confinement at Matteawan State Hospital must be credited towards the original sentence respecting which he was paroled and that, consequently, the maximum term of respondent's sentence had expired. This was error. When a parolee is arrested on a charge that he committed another crime, the Board of Parole has no control over him until the disposition of the charge and his return to prison (*People ex rel. Kenny* v. *Jackson*, 3 A D 2d 958, affd. 4 N. Y. 2d 229; *People ex rel. Dote* v. *Martin*, 294 N. Y. 330; *People ex rel. Micieli* v. *Morhous*, 279 App. Div. 1120). It follows that the Board of Parole could not cause the original sentence to run again until his return to State prison, which did not occur until *after* his confinement in Matteawan. Under the applicable statute (Penal Law, § 2193, subd. 1), said period of confinement must be calculated as a part of the term of the sentence *subsequently* imposed upon him, notwithstanding that execution thereof was suspended (cf. Penal Law, § 2193, subd. 3). Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.