■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST MITCHELL, Appellant.— Judgment of the Supreme Court, Kings County, rendered June 21, 1968, convicting defendant of assault in the third degree (2 counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts and in the exercise of discretion, and indictment dismissed. In our opinion, it was error to permit Detective Harris to testify as to the complainant's prior identification of defendant (*People* v. *Christman,* 23 N Y 2d 429, 433; *People* v. *Malloy,* 22 N Y 2d 559, 567; *People* v. *Caserta,* 19 N Y 2d 18, 21; *People* v. *Cioffi,* 1 N Y 2d 70, 73; *People* v. *Trowbridge,* 305 N. Y. 471, 478); Mrs. Sampson's testimony of her pretrial identification at a stationhouse show-up four months after the crime while defendant was without counsel should have been excluded (*United States* v. *Wade,* 388 U. S. 218; *Gilbert* v. *California,* 388 U. S. 263); the People failed to sustain their burden of proving that Mrs. Sampson's in-court identification had an independent basis untainted by the stationhouse show-up (cf. *People* v. *Ballott,* 20 N Y 2d 600, 607); there is a reasonable possibility these errors might have contributed to the conviction (*People* v. *Baker,* 26 N Y 2d 169). Since appellant has served his sentence, the ends of justice will be accomplished in this case by the dismissal of the indictment (cf. *People* v. *Kvalheim,* 17 N Y 2d 510). Christ, P. J., Rabin, Hopkins and Munder, JJ., concur. (Beldock, P. J., deceased.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDDIE PURVIS, Appellant.— Judgment of the Supreme Court, Kings County, rendered June 4, 1965 on resentence and order of the same court, dated June 12, 1965, affirmed. We find no merit to the claim that the Supreme Court lacked jurisdiction to resentence the defendant. We also find no merit to the claim that an arrest of judgment can be based on the failure to advise a defendant that a felony conviction may result in greater punishment if another felony is committed at a future date. Christ, P. J., Rabin, Hopkins and Munder, JJ., concur. (Beldock, P. J., deceased.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDDIE PURVIS, Appellant.— Order of the Supreme Court, Kings County, dated June 9, 1965, affirmed. We find no merit to the claim that the defendant is entitled to a *Huntley* hearing to determine whether the statements admitted at the trial were voluntary. This matter was reviewed on the prior appeal (*People* v. *Purvis,* 23 A D 2d 720). Christ, P. J., Rabin, Hopkins and Munder, JJ., concur. (Beldock, P. J., deceased.)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN A. PIAZZA, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— Judgment of the Supreme Court, Dutchess County, dated May 22, 1968, affirmed, without costs. (See *People ex rel. Petite* v. *Follette,* 24 N Y 2d 60; *Matter of Hudson* v. *Fay,* 19 A D 2d 836; *People ex rel. Paqua* v. *Fay,* 8 A D 2d 856, affd. 8 N Y 2d 897; *People ex rel. Kenny* v. *Jackson,* 4 N Y 2d 229, 232.) Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.