■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERIBERTO CARRERO, Appellant.— Appeal by defendant from (1) a judgment of the Supreme Court, Kings County, rendered January 20, 1971, convicting him of grand larceny in the third degree, criminal possession of stolen property in the second degree, and unauthorized use of a vehicle, upon a jury verdict, and sentencing him to indeterminate prison terms not to exceed four years on the grand larceny and criminal possession convictions, to run concurrently, and to an unconditional discharge on the unauthorized use conviction, and (2) an order of the same court, entered March 21, 1971, which denied his *coram nobis* application to vacate said judgment, without a hearing. Order affirmed. No opinion. Judgment modified, on the law, by reversing the conviction and sentence for grand larceny in the third degree and dismissing the count therefor. As so modified, judgment affirmed. Appellant was properly convicted of criminal possession of stolen property in the second degree and unauthorized use of a vehicle. The sentences thereon were not excessive. However, the conviction and sentence for grand larceny in the third degree may not stand, because a defendant may not be found guilty of both receiving stolen property and larceny of the same property (*People* v. *Moro,* 23 N Y 2d 496, 500). Hopkins, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. RAYMOND SENEY, DOLORES SENEY, JOSEPH PATA and MILTON MARLOWE, Respondents.— Appeal by the People from an order of the County Court, Rockland County, dated November 30, 1972, which granted defendants' motion pursuant to CPL 710.20 to suppress the use in evidence upon the trial of any intercepted telephone conversations of defendants and any physical evidence obtained by the People as a result thereof. Order reversed, on the law and the facts, and motion denied. We are of the opinion that the eavesdropping warrant was issued upon probable cause, which is to be found in the affidavit of investigator Whelan (see *Brinegar* v. *United States,* 338 U. S. 160, 173). Latham, Acting P. J., Gulotta, Brennan and Benjamin, JJ., concur; Shapiro, J., dissents and votes to affirm on the opinion of Judge Gallucci in the County Court.