The People of the State of New York, Respondent, *v.* Samuel Lee Hayes, Appellant.

The People of the State of New York, Respondent, *v.* Lawrence Mack, Appellant.

Fourth Department, December 6, 1973.

*Nathaniel A. Barrell* (*Henrietta M. Wolfgang* of counsel), for Samuel Lee Hayes, appellant.

*William H. Bond* for Lawrence Mack, appellant.

*Michael F. Dillon, District Attorney* (*Richard J. Steiner* of counsel), for respondent.

Del Vecchio, J. Defendants were jointly tried on an indictment charging robbery second degree by forcibly stealing a sum of money and a cash register from Charles Humphrey while aided by another, burglary third degree and petit larceny. They appeal from separate judgments convicting them, after a jury trial, of criminal possession of stolen property in the third degree. They had been found not guilty of the crimes charged in the indictment.

The prosecution produced evidence at the trial that on September 24, 1972 at about 2:30 A.M. six men in a car with a flat tire drove into a service station to have the tire changed. While Charles Humphrey and Clifford Cummings, the attendants on

duty, were changing the tire, some of the men went into the office and were "messing" with the cash register. Humphrey went to the office and, observing the plug of the register out of the socket, had an argument with defendant Mack, who struck him in the face. Humphrey then left to call the police. When he returned, the cash register was gone and the car was pulling out of the station, being pursued by the police and leaving behind the owner of the car and possibly one other former occupant. When the police stopped the car the driver fled and was never apprehended; the cash register was on the front seat next to defendant Hayes, and defendant Mack was in the back seat with an intoxicated person. There was no direct proof that defendants removed the cash register from the service station to the car. A police officer testified that the register weighed two hundred pounds and that it took two officers to carry it into the station.

Among other things, the Trial Judge instructed the jury that if it concluded that defendants did not commit a robbery it could consider whether they committed a lesser included crime of petit larceny or criminal possession of stolen property, but that they could not be convicted of both these offenses. Defendants excepted to this portion of the charge, arguing that criminal possession is not a lesser included crime of robbery second degree.

In our view, the instruction given was correct.

Subdivision 1 of CPL 300.50 provides in part: "In submitting a count of an indictment to the jury, the court in its discretion may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater. If there is no reasonable view of the evidence which would support such a finding, the court may not submit such lesser offense." "Lesser included offense" is defined by subdivision 37 of CPL 1.20 of the statute, which provides: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense'."

Defendants argue that robbery is an aggravated larceny (Penal Law, § 160.00), that larceny is committed when, with a described intent, a person "takes, obtains or withholds" property (Penal Law, § 155.05), and that "obtains" includes the bringing about of a transfer of property by a person to one other

than himself (Penal Law, § 155.0, subd. 2). They therefore conclude that it is possible to commit robbery without having possession of stolen property (one of the elements of the crime of which defendants were convicted); consequently, criminal possession of stolen property is not a lesser included offense of robbery.

Statutory definition of a lesser included offense is new to the criminal law of this State; the term was not explained in the Code of Criminal Procedure which preceded the Criminal Procedure Law. The question posed by defendants' argument is, " Did the Legislature [in enacting CPL 1.20, subd. 37] intend the impossibility feature of the definition to mean impossible under any circumstances or impossible under the particular facts of the case on trial? " (*People* v. *Gilbert*, 72 Misc 2d 795, 797.) We are satisfied that the Legislature meant an impossibility under the facts of the case on trial, not under some hypothetical alternative variety of the crime charged, such as that posed by defendants' argument. The determination whether a lesser degree or included crime should be charged has regularly been founded upon the facts of the case. In *People* v. *Asan* (22 N Y 2d 526, 529–530) the court said: " We have repeatedly written that if, ' *upon any view of the facts,* a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense.' (*People* v. *Mussenden*, 308 N. Y. 558, 561–562; cf. Code Crim. Pro., §§ 444, 445.) " (Emphasis supplied.) We see no reason to depart from that procedure, without some clear directive by the Legislature to do so. To determine whether a lesser crime* must be charged on the basis of some variation of the greater offense that is not attributed to the defendant in the case under consideration, does no service either to the People or to the defendant. If, upon the proof received at the trial, the defendant could not have committed the greater offense without concomitantly by the same conduct committing a lesser offense, both the People and the defendant are entitled to have the jury instructed on the lesser crime. The defendant may thus enjoy the mercy-dispensing power of the jury in finding a lesser degree of the crime than established by the evidence, and the People may be protected from the prosecution's failing where some element of the crime charged was not made out (*People* v. *Mussenden*, 308 N. Y. 558, 562). The propriety or impropriety of submission of the lesser offense logically must turn on the evidence

---

* The offense must be one of lesser grade or degree (*People* v. *Flores*, 42 A D 2d 431).

adduced at the trial at hand; what might be the case as to another defendant involved in other conduct at another time and place must not limit or circumscribe the rights of the parties to this litigation.

With this view, we need not pass on defendants' contention that larceny committed by obtaining property as defined in subdivision 2 of section 155.00 of the Penal Law does not involve possession of stolen property. Nothing in the proof in this case suggested a larceny accomplished by " obtaining "— i.e., failing to have possession. The proof offered by the prosecution was directed toward the establishment of a robbery committed, if at all, by wrongfully taking the cash register from the gas station, not by bringing about a transfer to someone other than the obtainer. On the evidence received at defendants' trial, it was impossible for them to have committed the greater offense of robbery without concomitantly by the same conduct committing the lesser offense of criminal possession.

The case of *People* v. *Moyer* (27 N Y 2d 252, 253), relied on by defendants, is distinguishable. That case simply held that where the lesser crime (harassment) necessarily included an element (an intent to harass, annoy or alarm) which was never an element of the greater offense (assault), it was not a lesser included crime. In support of its conclusion, the court said: " Certainly, the *intent to injure* which is an element of assault does not include an *intent to harass, annoy or alarm.*" No such situation is presented here. There is nothing necessary to the crime of criminal possession which may not also be an element of robbery, second degree.

In reaching our conclusion on this issue, we observe that a different result would have prevailed under the former Penal Law. Under that statute, which defined a crime of " buying, receiving, concealing or withholding " stolen property (Penal Law, § 1308), when a defendant was charged with larceny and the evidence adduced at the trial established his guilt of only possession of stolen goods, the indictment charging the former offense had to be dismissed, because the crimes were mutually exclusive. If the indictment charged both larceny and concealing or withholding in separate counts, it was for the jury to determine whether the defendant was guilty of larceny as the thief or of a violation of section 1308 as a non-thief (*People* v. *Colon*, 28 N Y 2d 1, 14; *People* v. *Daghita,* 301 N. Y. 223).

Under the revised Penal Law, however, a person knowingly in possession of stolen property is guilty of criminal possession,

whether or not he is also guilty of the larceny thereof, the only restriction being that he cannot be convicted of both crimes. (See Practice Commentary by Richard G. Denzer and Peter McQuillan, McKinney's Cons. Laws of N. Y., Book 39, Penal Law, § 165.40, pp. 516–518 and § 165.60, p. 533.)

With regard to defendant Hayes's contention that he was not afforded the right to speak in his own behalf at the time of sentence in violation of CPL 380.50, the record shows that the trial court twice inquired of defendant whether he wished to make any statement prior to the imposition of sentence. The allocution required by the statute referred to was thus effectively given (*People* v. *McClain,* 42 A D 2d 868).

We have considered each of the other arguments advanced by defendant Hayes and find them to be without merit.

In each case the judgment should be affirmed.

Goldman, P. J., Marsh, Witmer and Moule, JJ., concur.

Judgments unanimously affirmed.

