Memorandum. Although it may have been error to admit the hearsay statements as to further identification (People v Trowbridge, 305 NY 471), that error was harmless (People v Milburn, 19 NY2d 910) in light of the positive and unwavering identification testimony of both eyewitnesses. One eyewitness testified that this defendant was a person she had seen in the neighborhood on several prior occasions. She further testified that she observed the defendant during the commission of the crimes charged and on occasions thereafter. Similarly, the other witness testified that he had observed this defendant robbing and beating the victim. He also stated that he subsequently saw defendant in the area and had notified the police of defendant’s whereabouts.
As to defendant’s contention that the court erred in marshaling the evidence, we agree with the Appellate Division majority that it is without merit. Here the trial court marshaled the evidence adequately to explain the pertinent legal principles (CPL 300.10, subd 2).
We do find, however, as the District Attorney candidly concedes, that the verdict convicting defendant of robbery and grand larceny cannot stand. Defendant, on the facts of this case, could not have committed the robbery without also committing the grand larceny, the counts being inclusory and concurrent (CPL 300.30, subd 4; People v Hayes, 43 AD2d 99, affd 35 NY2d 907). Where the verdict is comprised of inclusory concurrent counts a verdict of guilty on the greatest count is deemed a dismissal of every lesser count (CPL 300.40, subd 3, par [b]). Accordingly, the order of the Appellate Division should be modified by dismissing defendant’s conviction for grand larceny in the third degree and should in all other respects be affirmed.
*849 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order modified in accordance with the memorandum herein and, as so modified, affirmed.