■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE BERNIER, also Known as CHARLES BERNIER, Appellant.—Amended judgment of the County Court, Suffolk County, rendered December 3, 1974, affirmed. No opinion. The case is remitted to the County Court, Suffolk County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd 5). Hopkins, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST BETHEL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 24, 1974, convicting him of robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction and sentence for grand larceny in the third degree and dismissing the count therefor in the indictment. As so modified, judgment affirmed. The case is remitted to the Supreme Court, Kings County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd 5). Grand larceny in the third degree is defined as the taking of property, regardless of its nature and value, from the person of another (Penal Law, § 155.30, subd 5). The third count of this indictment charges grand larceny in the third degree in that defendant took money from the person of the complainant. Under the circumstances of this case, that charge is a lesser included offense of robbery in the second degree *(People v Grier,* 37 NY2d 847). Martuscello, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD ANTHONY BIUMI, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Suffolk County, imposed August 22, 1975, upon his conviction of criminal possession of stolen property in the second degree, upon his plea of guilty, the sentence being one year in the Suffolk County jail, to run consecutively with a sentence previously imposed in the County Court, Nassau County. Sentence modified, as a matter of discretion in the interest of justice, by changing to concurrent the provision that it is consecutive with the sentence imposed in Nassau County. As so modified, sentence affirmed. The sentence was excessive to the extent indicated herein. Cohalan, Acting P. J., Margett, Christ, Brennan and Munder, JJ., concur.