■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DONALD FRAZIER, Respondent.—Appeal by the People from an order of the County Court, Westchester County, dated May 6, 1975, which (1) granted defendant's motion, made pursuant to CPL 210.45 and 210.20, to dismiss an indictment for failure to afford him a speedy trial and (2) directed his discharge from custody. Order affirmed. The unexplained delay of more than 18 months since the filing of the felony complaint deprived defendant of his constitutional right to a speedy trial (see *People v Prosser,* 309 NY 353; *Barker v Wingo,* 407 US 514). Since the facts are undenied by the People, and since the record reveals that the People have merely consented to a hearing, without requesting such a hearing with grounds set forth to support that request, no purpose would be served by holding such a hearing. Martuscello, Latham and Titone, JJ., concur; Rabin, J., dissents and votes to reverse the order and to remand the case to the County Court for a hearing in accordance with CPL 210.45, with the following memorandum, in which Hopkins, Acting P. J., concurs: In my view, the County Court erroneously granted the defendant's motion to dismiss the indictment without conducting a hearing in accordance with the provisions of CPL 210.45 (subd 6). A hearing is required on the defendant's motion because a statutory prerequisite to the granting of the motion without a hearing (see CPL 210.45, subd 4) was not satisfied. According to the statute, a motion to dismiss *must be granted* without a hearing if, *inter alia,* the essential facts involved are conceded to be true by the People. There has been no such concession in this case. In opposition to the defendant's motion, the People failed to offer any explanation for the delay in prosecution, but noted that the defendant had set forth certain factual allegations in his motion papers. As a consequence,

the People indicated their "consent to a hearing * * * to determine the issues raised". The language used clearly indicates the intention of the People to put the defendant to his proof at a hearing. The burden of proof at such a hearing rests upon the defendant (see CPL 210.45, subd 7). Defendant characterizes the People's "consent" to a hearing as tantamount to a concession of the essential facts, but the language used reasonably admits of no such interpretation. While it undoubtedly would have been preferable had the People indicated some basis to justify the delay in prosecution, on the present record the defendant's motion should have been denied and a hearing held. I would reverse and direct a hearing in accordance with CPL 210.45.