■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO GARCIA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 28, 1973, convicting him of criminal possession of stolen property in the second degree, unauthorized use of a vehicle and illegal possession of a vehicle identification number plate, after a nonjury trial, and imposing sentence. Judgment reversed, on the law and the facts, and indictment dismissed. In our opinion, defendant's guilt was not established beyond a reasonable doubt. Hopkins, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.

■  THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH GRUDEN, Respondent.—Appeal by the People from an order of the County Court, Westchester County, dated May 16, 1975, which granted the branch of defendant's motion which sought dismissal of the indictment for violation of his right to a speedy trial. Order affirmed. The unexplained delay of 16 months between the holding of the felony hearing and the return of the indictment constituted a denial of defendant's constitutional right to a speedy trial (see CPL 210.45, 210.20; *People v Prosser,* 309 NY 353; *Barker v Wingo,* 407 US 514). Since the facts are not denied by the People, a hearing would serve no purpose. Martuscello, Latham and Titone, JJ., concur; Rabin, J., dissents and votes to reverse the order and remand the case for a hearing, with the following memorandum, in which Hopkins, Acting P. J., concurs: I would reverse the order under review and direct a hearing pursuant to CPL 210.45, for the reasons set forth in my dissent in *People v Frazier* (51 AD2d 781).

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARROLL SMITH, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 5, 1974, convicting him of robbery in the first degree (three counts), robbery in the second degree (three counts), grand larceny in the third degree (two counts) and possession of a weapon, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of robbery in the second degree (three counts) and grand larceny in the third degree (two counts) and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. The positive identification of defendant as the second participant in the robbery by at least two people who had extended opportunity to observe him amply supports the jury's verdict of guilt. Under the facts of this case the counts of robbery in the second degree and grand larceny in the third degree were inclusory concurrent counts within the meaning of CPL 300.40 (subd 3, par [b]), which provides that a verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser included count submitted (see *People v Grier,* 37 NY2d 847). Rabin, Acting P. J., Hopkins, Latham, Margett and Christ, JJ., concur.