■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS GRUTTADAURIA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 15, 1973, convicting him of robbery in the first degree and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law and the facts, by reversing the conviction of robbery in the first degree, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. Defendant was indicted on charges that, in concert with others, he committed robbery in the first degree, grand larceny in the second degree, criminal possession of stolen property in the first degree and possession of weapons, etc., as a felony. At the jury trial, it was not disputed that, on February 17, 1972, at 10:30 A.M. a truck carrying a load of wigs and furs was hijacked as it was coming off the Brooklyn-Queens Expressway at the Astoria Boulevard exit. The incident was witnessed by a retired police inspector, who happened to drive by at that moment. He momentarily saw several men walking from a parked truck towards a sedan; one of the men had his hands partially raised in the air, with his palms at the height of his shoulders. The retired inspector continued to the nearest exit and waited. After an interval of three to five minutes, during which he did not see the truck, the truck passed him. He

then followed it in his car and succeeded in alerting a police radio patrol car. He continued to follow the truck and he, in turn, was followed by the police. The police eventually passed him, caught up with the truck and forced the driver to stop. The police testimony was to the effect that, when the truck was halted, the defendant was its driver and sole occupant. Upon being searched, he had no identification. A loaded, operable pistol was found under the seat of the truck. At that time the defendant stated to the police that he was an employee of the owner of the truck's contents and that he had forgotten to take his license and the registration with him. The employee who had been driving the truck at the time of the hijacking, and his helper, were unable to identify the defendant as one of the hijackers. The retired inspector was unable to identify the defendant as one of the men he had seen walking from the truck to the sedan. The defendant, who had no prior criminal record, proved to be an employee of the Department of Sanitation. He testified at the trial that he was "moonlighting" and had agreed to drive the truck for a man whom he had recently met by chance. He stated that he had been waiting on the sidewalk for that man pursuant to an arrangement made by telephone; that the man drove up with the truck and parked; that the man alighted from the truck and entered the nearby parking lot, after instructing defendant to follow him with the truck when he drove out of the parking lot. Defendant claimed that he had just taken his seat in the truck, and was in the act of familiarizing himself with its shift pattern, when the patrol car came slowly around the corner and stopped next to him. The trial court dismissed the charge of grand larceny but submitted the remaining three charges to the jury. No request was made that the counts of robbery and criminal possession be charged in the alternative. The jury convicted defendant of both robbery in the first degree and criminal possession of stolen property in the first degree, but acquitted him of the weapons possession charge. He was sentenced to an indeterminate prison term not to exceed 15 years on the robbery conviction and to a concurrent indeterminate prison term not to exceed five years on his conviction of criminal possession of stolen property. He has since been released on parole. Under the former Penal Law (§ 1308), if an indictment charged both larceny and concealing or withholding, it was for the jury to determine whether the defendant was guilty "as a thief of the larceny *or* as a non-thief of concealing and withholding" *(People v Daghita,* 301 NY 223, 228; [emphasis in original]). Although a defendant could not lawfully be convicted of both crimes, where his guilt of the larceny was overwhelming, a new trial was not required. It was sufficient to reverse the conviction for withholding and concealing and to dismiss that count *(People v Daghita, supra).* Under the revised Penal Law, criminal possession may, in the appropriate case, be charged as a lesser included offense of larceny and robbery *(People v Hayes,* 43 AD2d 99, affd 35 NY2d 907). However, the statute forbids conviction of both larceny and criminal possession with respect to the same property (Penal Law, § 165.60). The circumstantial evidence here lends itself more to support a conviction of criminal possession of stolen property than it does a conviction of robbery. The defendant testified that he was engaged to drive the truck and that his employer had brought the truck to him and had left it with him. There is no evidence that the defendant was at the scene of the robbery. Neither the truck driver, his helper, nor the retired inspector was able to identify him. Further, the retired inspector testified that, after he passed the parked truck on the expressway, he did not see it again until it passed him as he waited at the exit. There was, therefore, an interval of approximately five minutes during

which he did not see the truck. On the other hand, there is ample evidence of defendant's guilt of criminal possession; the sentence thereon was not excessive. On this record, a new trial is not required as we may reverse the conviction of robbery and dismiss that count (cf. *People v Daghita,* 301 NY 223, *supra; United States v Gaddis,* 424 US 544; *People v Hayes,* 43 AD2d 99, affd 35 NY2d 907, *supra; People v Carrero,* 42 AD2d 575). Hopkins, Acting P. J., Martuscello, Latham, Christ and Hawkins, JJ., concur.