■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON PANETO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 11, 1974, convicting him of attempted robbery in the first degree and attempted grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction for grand larceny in the third degree and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. The findings of fact are affirmed. Conviction on the charge of attempted robbery in the first degree requires a dismissal of the inclusory concurrent count of attempted grand larceny in the third degree (see *People v Grier,* 37 NY2d 847). A review of the other contentions raised on appeal shows them to lack merit. Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BETTY POPE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 30, 1974, convicting her of possession of weapons, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and indictment dismissed. On the record herein, it was reversible error for the trial court to refuse to make it clear to the jury that the count of possession of weapons, etc., as limited by the People's bill of particulars, applied only to the time of the incident (see *People v Crimmins,* 36 NY2d 230). Since appellant has served her sentence, the interest of justice will be accomplished in this case by the dismissal of the indictment (see *People v Mitchell,* 34 AD2d 690). Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.