■ In the Matter of MADGE WALSH, Appellant, v BOARD OF TRUSTEES, POLICE PENSION FUND, ARTICLE I, Respondent.—Judgment, Supreme Court, New York County, entered on September 17, 1975, unanimously affirmed for the reasons stated by Chimera, J., at Special Term, without costs and without disbursements. Concur—Murphy, J. P., Lupiano, Birns, Silverman and Lane, JJ.

■ CHARLES A. WEIL, Appellant-Respondent, v GARY DICKSON, Respondent-Appellant, and HERBERT BERSON et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County, entered on November 13, 1975, unanimously affirmed on the opinion of Myers, J., at Trial Term, without costs and without disbursements. Concur—Murphy, J. P., Lupiano, Birns, Silverman and Lane, JJ.

■ In the Matter of the Estate of H. SCHEMARIA, Formerly H. SCHEMARIA, Doing Business as H. S. BERLIN COMPANY, et al., Appellants, v ELEANOR H. NORTON, as Chairman of the New York City Commission on Human Rights, et al., Respondents.—Judgment, Supreme Court, New York County, entered on September 6, 1974, unanimously affirmed for the reasons stated by Samuel R. Rosenberg, J., at Special Term, without costs and without disbursements. Concur—Murphy, J. P., Lupiano, Birns, Silverman and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HANCOCK, Appellant.—Judgment, Supreme Court, New York County, rendered April 9, 1973 convicting defendant of attempted robbery in the first degree, attempted robbery in the second degree, attempted grand larceny in the third degree and possession of a weapon, and sentencing him to concurrent indeterminate terms with a maximum of five years, unanimously modified, on the law, to the extent of reversing the convictions for attempted robbery in the second degree, attempted grand larceny in the third degree and possession of a weapon, vacating the sentences thereon, and dismissing those counts of the indictment; and, as so modified, the judgment is affirmed. The People concede that these latter counts are lesser inclusory concurrent counts of attempted robbery in the first degree, and that the verdict of guilty of the count of attempted robbery in the first degree requires a dismissal of the inclusory concurrent counts. (People v Grier, 37 NY2d 847.) We have considered the other points urged by appellant and find them without merit. Concur—Stevens, P. J., Kupferman, Murphy, Capozzoli and Yesawich, JJ.