■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS COLEMAN, Appellant.—Judgment insofar as it convicts defendant of criminal possession of stolen property in the third degree unanimously reversed, on the law, and sentence thereon vacated and otherwise judgment affirmed. Memorandum: Upon a jury trial Louis Sweet was found guilty of robbery in the first degree (Penal Law, § 160.15, subd 3) and criminal possession of a weapon in the fourth degree (Penal Law, § 265.01, subd [2]), while his codefendant Thomas Coleman was found guilty of robbery in the second degree (Penal Law, § 160.10, subd 1) and criminal possession of stolen property in the third degree (Penal Law, § 165.40). The convictions arose from the robbery of a cab driver in the City of Buffalo on January 24, 1975. Defendant Coleman correctly contends that his criminal possession of stolen property conviction should be reversed. Although that portion of the Penal Law, (§ 165.60, subd 2) which prohibits a conviction for both larceny and criminal possession of stolen property with regard to the same property, has recently been deleted (L 1976, ch 375, § 1), it is nonetheless applicable here and equally bars an individual's conviction for both robbery (a forcible larceny) and criminal possession of the same property *(People v Gruttadauria,* 52 AD2d 893; *People v Fuller,* 77 Misc 2d 747). The evidence introduced against Coleman was substantial, and amply justified his robbery conviction. He was unequivocally identified by the victim with whom he had been for 10 or 15 minutes. His physical appearance, as well as his clothing, tallied with the victim's description. His clothing was also identified by a witness who observed two men running from the scene of the robbery. When arrested about an hour after the crime, he was with his codefendant and had the stolen cartridge tape in his rear pocket. The arresting officer recovered the knife used in the robbery from his codefendant and noted that both defendants had a large number of pennies in their possession, which was compatible with the victim's testimony that among the items stolen were two rolls of pennies. In view of the evidence establishing defendant's guilt of robbery, we reverse the criminal possession of stolen property conviction (see *United States v Gaddis,* 424 US 544; *People v Daghita,* 301

NY 223; cf. *People v Gruttadauria, supra).* (Appeal from judgment of Erie Supreme Court—robbery, second degree, and criminal possession of stolen property, third degree.) Present.—Cardamone, J. P., Simons, Mahoney, Dillon and Goldman, JJ.