■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT MILLIGAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 29, 1973, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. After a *Wade* hearing, the court found that the victim witness had had ample opportunity to view the defendant at the time of the perpetration of the robbery. The court also found that a subsequent station house showup did not taint the in-court identification. However, at the trial, proof of the showup was admitted into evidence. The People concede, in its brief, that the admission of the testimony concerning the showup was error which necessitates a reversal and a new trial. Cohalan, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY D. PLEASANT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 7, 1973, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of grand larceny in the third degree, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed (see *People v Grier,* 37 NY2d 847). We have reviewed the other points raised by defendant and find them to be without merit (see *People v Seppi,* 221 NY 62, 68; *Amend v Hurley,* 293 NY 587, 594; *People v Felder,* 39 AD2d 373, affd 32 NY2d 747, app dsmd for want of a substantial Federal question 414 US 948, mot for rearg den 39 NY2d 743). Latham, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.