(February 10, 1977)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WASHINGTON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 13, 1974, convicting him of criminally selling a dangerous drug in the third degree (two counts), criminal possession of a dangerous drug in the third, fourth (two counts) and sixth degrees, and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of criminal possession of a dangerous drug in the fourth (two counts) and sixth degrees, and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed (see *People v Grier,* 37 NY2d 847). Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.

(February 15, 1977)

■ In the Matter of RALPH A. LOMBARDI, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.—In this proceeding to discipline an attorney upon charges of professional misconduct, respondent has failed to appear or to answer the petition herein containing the charges, although the time to do so has expired. Respondent was personally served in this matter. Petitioner further moved for a default judgment on the ground that respondent failed to appear or to answer the afore-mentioned petition. Although served with the notice of motion for a default judgment, respondent failed to answer. The respondent was admitted to the Bar by this court on June 20, 1962. The charges, generally stated, are that respondent (1) failed to promptly pay three different clients or otherwise account for, as requested by those clients, funds in excess of $6,700; (2) converted to his own use $6,100 of the said funds; and (3) failed to co-operate with the petitioner herein in its investigation of the afore-mentioned complaints. The charges, if established, would require respondent's disbarment. Since he has chosen not to deny the charges and not even to appear in this proceeding, the charges must be deemed established. Petitioner's motion is therefore granted. Respondent is unfit to be a member of the Bar. He is disbarred and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith. Gulotta, P. J., Hopkins, Martuscello, Latham and O'Connor, JJ., concur.