■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARKILL ALLAH, Appellant.—Judgment, Supreme Court, New York County, rendered September 5, 1974, convicting defendant-appellant of, *inter alia,* robbery, first degree, and grand larceny, third degree, unanimously modified, on the law, to dismiss the larceny count, and otherwise affirmed. "Defendant, on the facts of this case, could not have committed the robbery without also committing the grand larceny, the counts being inclusory and concurrent (CPL 300.30, subd 4; *People v Hayes,* 43 AD2d 99, affd 35 NY2d 907). Where the verdict is comprised of inclusory concurrent counts a verdict of guilty on the greatest count is deemed a dismissal of every lesser count (CPL 300.40, subd 3, par [b])." *(People v Grier,* 37 NY2d 847, 848.) Concur—Stevens, P. J., Lupiano, Birns, Capozzoli and Markewich, JJ.

■ ROBERT STIGWOOD ORGANIZATION, INC., Appellant, v DEVON COMPANY, Defendant, and PERSKY-BRIGHT PRODUCTIONS, INC., Respondent.—Order, Supreme Court, New York County, entered on September 21, 1976, granting defendant-respondent's motion for partial summary judgment on its fourth and fifth counterclaims, and judgment entered thereon on September 23, 1976, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of staying execution of judgment pending the trial of the remaining issues in the case, and, as so modified, the order and judgment are affirmed, without costs and without disbursements. Neither the loan agreement nor the note in suit conditions repayment on the sale of "The Entertainer" by plaintiff to defendant Devon Agency or on anything else. Accordingly, there is no bar to the limited summary award made by Special Term. It was also proper for Special Term to enter partial summary judgment since the remaining claims and counterclaims to be tried are not "so inseparable * * * that entry of judgment should be withheld" *(Dalminter, Inc. v Dalmine, S. p. A.,* 29 AD2d 852, 853, affd 23 NY2d 653). However, while the agreement sued upon by both parties does not warrant denial of the partial summary judgment awarded, we cannot close our eyes to it or to the over-all relationship of the parties to this litigation. Accordingly, we modify to grant a stay of execution pending the trial of the remaining issues. Concur—Kupferman, J. P., Birns, Capozzoli and Markewich, JJ.