■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 24, 1974, convicting him of robbery in the third degree, grand larceny in the third degree, attempted robbery in the third degree, and attempted grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of grand larceny in the third degree and attempted grand larceny in the third degree, and the sentences imposed thereon, and said counts are dismissed. As so modified, judgment affirmed. The conviction of defendant on the charges of robbery in the third degree and attempted robbery in the third degree requires a dismissal of the inclusory concurrent counts of grand larceny in the third degree and attempted grand larceny in the third degree (see People v Grier, 37 NY2d 847). With reference to the identification testimony, the trial court charged as follows: "Now, it is for you the jury to determine from the testimony whether the identification is accurate and reliable, or is it a completely mistaken identification. In that regard, members of the jury, you must consider all of the facts and the testimony that you have heard including the circumstances of the commission of the crime herein and at the time the identification was made." Being troubled by the trial court's reference to the phrase "completely mistaken identification", the prosecutor commendably promptly requested that the court charge the jurors that they must be convinced beyond a reasonable doubt as to the defendant's identity. We cannot understand why the trial court refused so to charge when the ambiguity in the prime charge was called to its attention. While the refusal is troublesome, it does not, under the clear proof of identification in this case, call for a reversal, particularly since the trial court specifically told the jurors that they must be convinced of the defendant's guilt beyond a reasonable doubt before they could convict him. A review of the other contentions raised on appeal shows them to lack merit. Shapiro, Acting P. J., Titone and Hawkins, JJ., concur; O'Connor, J., concurs in the result, with the following memorandum: I concur—with this caveat: the joinder of separate indictments, covering separate and totally independent crimes, is fraught with peril. A jury which might well entertain serious doubts about a defendant's guilt on the one indictment, can well seek and find solace and strength in the oft-times erroneous conclusion that the witnesses as to two separate crimes cannot both be wrong and, hence, that defendant must be guilty of both. In the instant case, although the Criminal Term, in my opinion, was guilty of an abuse of discretion in granting this unnecessary and ill-advised joinder, the defendant's guilt on both counts is clearly established and hence defendant was not prejudiced (see People v Crimmins, 36 NY2d 230).