■ CADPLAZ SPONSORS, INC., Respondent-Appellant, v CADMAN TOWERS, INC., Appellant-Respondent, and CARMINE CONIGLIONE et al., Respondents.— Order, Supreme Court, New York County, entered December 11, 1975, which granted the motion of Cadplaz Sponsors, Inc., for partial summary

judgment, and judgment of the same court entered December 17, 1975, which granted summary judgment in accordance with the said order and directed that plaintiff have execution, unanimously modified, on the law, to deny the motion for partial summary judgment and vacate the last decretal paragraph of the said judgment, and otherwise affirmed, without costs and without disbursements. Cadplaz Sponsors, Inc., sponsored a middle income housing project known as Cadman Towers near the Brooklyn Civic Center. (See, in general, *People v Cadplaz Sponsors,* 69 Misc 2d 417.) The plaintiff seeks a land allowance cost in addition to the original amount provided for and also a further development fee. The partial summary judgment granted the increased land allowance, but denied the increased development fee. There are issues of fact as to whether the plaintiff was entitled to the increased land allowance, and so summary judgment should not have been granted. To have an increase in the land allowance depended on agreement by defendant and approval by the New York City Housing and Development Administration (HDA). Among other things, whether the approval of the Board of Estimate of the City of New York for a mortgage increase should be allocated to a land allowance for payment to the plaintiff, is an issue still to be resolved. We affirm the determination that the matter of an increased development fee also should remain for trial. In any event, the determination granting partial summary judgment was made before answer. (See *Kronish, Lieb, Shainswit, Weiner & Hellman v John J. Reynolds, Inc.,* 33 AD2d 366.) Were we not to deny partial summary judgment, we would modify to grant a stay of execution pending a determination with respect to the counterclaims inasmuch as there is involved the "over all relationship of the parties to this litigation." *(Stigwood Organization v Devon Co.,* 56 AD2d 550; see, also, *Illinois McGraw Elec. Co. v Walters,* 7 NY2d 874.) Concur—Kupferman, J. P., Silverman, Lane and Nunez, JJ. [84 Misc 2d 961.]