■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS LUCAS, Appellant.—Judgment of conviction of counts of robbery, first degree, rape, and possession of a weapon, after trial to a jury, Supreme Court, New York County, rendered September 5, 1974, unanimously modified, on the law, to dismiss the weapon count and otherwise affirmed. "Defendant, on the facts of this case, could not have committed the robbery without also committing the grand larceny [in this case, possession of a weapon], the counts being inclusory and concurrent (CPL 300.30, subd 4; *People v Hayes,* 43 AD2d 99, affd 35 NY2d 907). Where the verdict is comprised of inclusory concurrent counts a verdict of guilty on the greatest count is deemed a dismissal of every lesser count (CPL 300.40, subd 3, par [b])." *(People v Grier,* 37 NY2d 847, 848.) Concur—Stevens, J. P., Murphy, Capozzoli, Markewich and Lynch, JJ.

■ RAYMOND LEE ORGANIZATION, INC., Respondent, v NORMAN G. AXE, Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered January 12, 1976, unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Defendant-appellant moved to dismiss for failure to state a cause of action. The complaint stated facts which, if proven, would spell out a conspiracy between defendant and others to injure plaintiff in his business. Further, he contests jurisdiction over his person. A lawyer admitted in California, he was served while here of his own volition to conduct a deposition. He has presented nothing to indicate that jurisdiction was obtained over him improperly, or in support of the second string to his bow, that he is entitled to dismissal by reason of *forum non conveniens.* Certainly, nothing has been raised as an issue requiring a hearing. Concur—Stevens, P. J., Murphy, Capozzoli, Markewich and Lynch, JJ.