■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY ANDERSON, Appellant.—Judgment, Supreme Court, New York County, rendered on April 23, 1974, convicting defendant after jury trial of two counts of robbery in the first degree, two counts of robbery in the second degree, possession of a weapon as a felony, grand larceny in the third degree and petit larceny, unanimously modified, on the law, to dismiss the counts of grand larceny in the third degree, petit larceny and possession of a weapon, and otherwise affirmed. On the facts of this case, the defendant could not have committed robbery in the first degree without also possessing the weapon and committing grand larceny in the third degree and petit larceny. Where the verdict is comprised of inclusory concurrent counts, a verdict of guilty on the greater is deemed a dismissal of the lesser counts. (CPL 300.30, subd 4; 300.40, subd 3, par [b]; *People v Diaz*, 56 AD2d 557; *People v Hayes*, 43 AD2d 99, affd 35 NY2d 907.) We have examined the other points raised by appellant and find them without merit. Concur—Lupiano, J. P., Silverman, Evans and Markewich, JJ.

■ In the Matter of GENE LOY CHU, an Attorney.—On remand from the Court of Appeals, order of this court entered on January 12, 1977 reversed, and respondent's name struck from the roll of attorneys and counselors at law in the State of New York. Concur—Kupferman, J. P., Silverman, Lane and Markewich, JJ.

## (December 13, 1977)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY METZ, Appellant.—Judgment, Supreme Court, New York County, rendered on September 21, 1976, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Murphy, P. J., Birns, Evans and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WASHINGTON, Appellant.—Judgment, Supreme Court, Bronx County, rendered November 7, 1974, convicting defendant after jury trial of robbery in the first degree, grand larceny in the second degree and possession of a weapon as a misdemeanor and possession of a weapon as a felony, unanimously modified, on the law, to reverse the convictions for grand larceny in the second degree and possession of a weapon as a misdemeanor, to vacate the sentences thereon and to dismiss those counts, and otherwise affirmed. Defendant, on the facts of this case, could not have committed the robbery in the first degree without also committing the grand larceny, second degree, and possession of the weapon as a misdemeanor, said counts being inclusory and concurrent. (CPL 300.30, subd 4; 300.40, subd 3, par [b]; *People v Grier*, 37 NY2d 847, 848; *People v Diaz*, 56 AD2d 557.) We have examined the other points raised by appellant and find them without merit. Concur—Murphy, P. J., Birns, Evans and Lane, JJ.