■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES UTLEY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 16, 1977, convicting him of criminal possession of stolen property in the first degree, unauthorized use of a vehicle and resisting arrest, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction for unauthorized use of a vehicle, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. In our opinion, the count of unauthorized use of a vehicle must be dismissed as a lesser included offense of criminal possession of stolen property in the first degree (see *People v Grier,* 37 NY2d 847). Shapiro, J. P., Suozzi and O'Connor, JJ., concur; Titone, J., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: Despite the largely responsive tenor of the summation by the prosecutor, I am of the opinion that he went beyond the scope of acceptable rebuttal. At one point he stated, "there's one very important thing that you have to be aware of and that is that Police Officer Scanlon is a police officer, Police Officer Faranda is a police officer. The defendant stands here as an accused, a person that's been arrested. Yet Police Officer Scanlon made no effort to contrive his testimony, to collude with Police Officer Faranda * * * It's the honesty of a police officer on the witness stand that's displayed here." Nor was this an isolated comment. Throughout the prosecutor's summation, the witnesses for the People were arrayed on the side of truth or represented by the police, and as a "coverup" as represented by the accused. Such prejudicial remarks were compounded

by the trial court's denial of the defendant's request for a charge that testimony of police officers is entitled to no greater weight than is testimony of other witnesses. In view of the prosecutor's grossly prejudicial statements that his witnesses were police officers and that they told the truth, the court had an affirmative duty to intervene and also give a proper cautionary instruction. The respondent's principal argument is that the evidence of guilt is overwhelming and therefore any error should be deemed harmless (see *People v Crimmins,* 36 NY2d 230). However, the test for harmless error is not whether there was overwhelming evidence of guilt, but whether there is a significant possibility that the error may have affected the jury's verdict *(People v Crimmins, supra).* The credibility of the witnesses was essential both to the issue of resisting arrest and the issue of possession of stolen property. The prosecutor's improper comments went directly to those issues and necessarily had an incalculable effect on the jury's deliberations. Therefore, despite the otherwise substantial evidence of guilt, the errors cannot be deemed harmless.