Gabrielli, J.
(dissenting in part). Although I agree that defendant’s other arguments are completely devoid of any merit, I am constrained by law and logic to conclude that under the facts of this case the crime of possession of a weapon as a misdemeanor (then Penal Law, § 265.05, subd 9, now Penal Law, § 265.01, subd [2]) is a lesser inclusory concurrent count with respect to the crime of robbery in the first degree (Penal Law, § 160.15, subd 3). Thus, when defendant was found to be guilty of robbery in the first degree, the court should have dismissed the possession charge pursuant to CPL 300.40 (subd 3, par [b]). Accordingly, I would modify the order appealed from by dismissing the conviction of defendant for possession of a weapon as a misdemeanor.
This is really a very simple case. Defendant Perez and one Robert Ferguson robbed and assaulted one George Glass early one morning on a Bronx street. In the course of that robbery, Ferguson handed defendant a knife and defendant stabbed Glass with that knife. Defendant was tried upon an indictment charging him with the crimes of robbery in the first degree, robbery in the second degree, grand larceny in the third degree, assault in the first degree, assault in the second degree, and possession of a weapon as a misdemeanor. Following a jury trial, he was convicted of robbery in the first degree, two counts of assault in the second degree, and possession of a weapon as a misdemeanor. The Appellate Division affirmed defendant’s convictions, and he now appeals to this court on several grounds, only one of which has any validity.
CPL 300.40 (subd 3, par [b]) provides, inter alia, that a verdict of guilty with respect to the greater of two or more inclusory concurrent counts is to be "deemed a dismissal of *212 every lesser count submitted”. Defendant contends, and correctly so, that the facts of this case are such that the possession of a weapon charge was a lesser inclusory concurrent count with respect to the charge of robbery in the first degree, and thus a verdict of guilty as to the robbery charge mandated dismissal of the possession charge.
To determine the meaning and applicability of the term "lesser inclusory concurrent count”, we must first turn to CPL 300.30 (subd 4), which provides that "[cjoncurrent counts are 'inclusory’ when the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater.” It is evident that this definition provides two discrete criteria, each of which must be met for a particular count to be a lesser inclusory concurrent count with respect to another: the two counts must be concurrent, and the one must be a lesser included offense with respect to the other. To determine whether the two elements of the definition of a lesser inclusory concurrent count are present in a given case, we must examine the applicable statutes, which are uncomplicated and clearly mandate the correct result in this case.
CPL 300.30 (subd 3) provides that counts are concurrent if "concurrent sentences only may be imposed in case of conviction thereon.” To learn when it is that only concurrent sentences may be imposed, one must turn next to subdivision 2 of section 70.25 of the Penal Law, which provides that "[wjhen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences must run concurrently.” Before applying this definition to the facts of the present case, it is appropriate to consider the remaining element of the definition of a lesser inclusory concurrent count, namely, that it be included within the greater offense. The phrase "lesser included offense” is defined in CPL 1.20 (subd 37), which reads, in pertinent part, as follows: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.’ ”
Defendant was convicted of robbery in the first degree, pursuant to subdivision 3 of section 160.15 of the Penal Law, *213 which defines that crime as follows: "A person is guilty of robbery in the fir^t degree when he forcibly steals property and when * * * he * * * [u]ses or threatens the immediate use of a dangerous instrument”. As noted, he was also convicted of possession of a dangerous weapon as a misdemeanor, which was then defined in subdivision 9 of section 265.05 of the Penal Law (now Penal Law, § 265.01, subd [2]), which provided that ”[a]ny person who has in his possession any * * * knife * * * with intent to use the same unlawfully against another is guilty of a class A misdemeanor”.
It is of course readily apparent that this defendant could not possibly have committed this robbery with the use of a dangerous instrument, in this case the knife, without at the same time possessing that knife with intent to use it against the victim of the robbery. Thus, the possession of a weapon charge falls squarely within the definition of a lesser inclusory concurrent count with respect to the charge of robbery in the first degree. Any sentences imposed for the two crimes under these facts would have to be concurrent, since the act of possession with intent to use is both the act which constitutes the offense of possession and also an implicitly material element of robbery in the first degree as defined in subdivision 3 of section 160.15 of the Penal Law (see Penal Law, § 70.25, subd 2). Thus, the two counts are concurrent pursuant to CPL 300.30 (subd 3). Finally, the crime of possession of a weapon as a misdemeanor, in this case, is a lesser included offense with respect to the crime of robbery in the first degree since it is obviously a lesser offense and since this defendant could not have committed the robbery without concomitantly committing by the same conduct the crime of possession of a weapon (see CPL 1.20, subd 37).
As it is abundantly clear that under the facts of this case, which are the applicable criteria in determining whether a charge is a lesser inclusory concurrent count (see, e.g., People v Hayes, 35 NY2d 907, affg on opn at 43 AD2d 99; People v Grier, 37 NY2d 847; People v Lee, 39 NY2d 388), defendant could not have committed the crime of robbery in the first degree as defined in subdivision 3 of section 160.15 of the Penal Law without at the same time committing the crime of possession of a weapon as a misdemeanor, his conviction upon the robbery count requires a dismissal of the possession charge (see CPL 300.40, subd 3, par [b]). This is the conclusion which has been reached by the vast majority of courts which *214 have dealt with similar situations (see, e.g., People v Flowers, 56 AD2d 660; People v Solomon, 56 AD2d 751; People v Lucas, 56 AD2d 780), and I see no justification for avoiding this statutorily mandated result.
Accordingly, I vote to modify the order appealed from by dismissing the conviction of defendant for the crime of possession of a weapon as a misdemeanor.
Chief Judge Breitel and Judges Jones, Fuchsberg and Cooke concur with Judge Jasen; Judge Gabrielli dissents in part and votes to modify in a separate opinion in which Judge Wachtler concurs.
Order affirmed.