■ In the Matter of BARBARA A. ROBINSON, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of respondent, dated November 28, 1977, and made after a hearing, which demoted petitioner from the position of railroad clerk to the position of railroad porter, effective December 5, 1977. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The findings of the respondent were based upon substantial evidence. Further, the penalty imposed is not shockingly disproportionate to the offense (see *Matter of Pell v Board of Educ.*, 34 NY2d 222). Damiani, J. P., Titone, Shapiro and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. BRADY, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered February 28, 1977, convicting him of robbery in the first degree, robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of robbery in the second degree, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. Under the circumstances of this case, the count charging robbery in the second degree, committed by display of what appeared to be a firearm, was an inclusory concurrent count of robbery in the first degree, committed by use of a dangerous instrument, of which appellant was convicted. The former conviction must, therefore, be reversed and the said count dismissed (see *People v Grier*, 37 NY2d 847). We have examined appellant's numerous claims of error. They are either without merit or, as in the case of the testimonial reference to a narcotics investigation and, perhaps, the reiteration in summation of certain testimony of Officer Green, harmless in light of the overwhelming evidence of guilt (see *People v Crimmins*, 36 NY2d 230). Mollen, P. J., Hopkins, Suozzi and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS CARRERA, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County, imposed May 3, 1978, upon his conviction of grand larceny in the third degree, on his plea of guilty, the sentence being an indeterminate prison term with a maximum of three years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to a five-year period of probation and case remanded to Criminal Term (1) for the imposition of such conditions as the court, in its discretion, deems "reasonably necessary" (Penal Law, § 65.10), said conditions to include the requirement that the defendant remain at Daytop Village until he successfully completes its program and (2) for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated herein. Rabin, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.