■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD WILLIAMS, Appellant.—Judgment rendered in the Supreme Court, New York County, on July 30, 1974 sentencing the defendant to an indeterminate term of imprisonment of from 2½ to 5 years upon his plea of guilty of possession of a weapon as a felony, affirmed. A police officer, Paul Glennan, received an anonymous telephone call at the 26th Precinct. The caller stated that there was a "little dude" named Donald, wearing a black overcoat and a black hat, standing in front of a named bar on 125th Street. The caller further stated that Donald had a gun. Shortly thereafter, Patrolman Glennan, his partner and two detectives, all in plain clothes, proceeded to the location indicated by the anonymous caller where they saw the defendant standing on the sidewalk. He was wearing a black coat and a black hat. Glennan immediately recognized the defendant as Donald Williams, a man whom he had questioned about a shooting two days previously. As he approached the defendant, Patrolman Glennan observed a bulge in the area of Williams' left breast pocket. Upon patting down the front of Williams' body, the bulge felt like a gun to the patrolman, a veteran of 50 gun arrests. Glennan removed a loaded revolver from the defendant's breast pocket. Williams admitted that the gun was his, stating that he had "stolen it from a dude last night". The police officer had an affirmative duty to investigate the anonymous telephone report that a man named Donald had a gun on 125th Street. Indeed, he would have been derelict in the performance of his duty had he not investigated. He had verified all the details supplied by the caller, including the defendant's dress, his location and, indeed, his name. The anonymous information that the defendant was armed provided a sufficient basis for the police to stop and frisk him. *(People v Taggart,* 20 NY2d 335, 337; *People v Mack,* 26 NY2d 311.) Patrolman Glennan had a reasonable suspicion that the defendant was armed, the bulge in his pocket confirmed the suspicion, the frisk and the resulting "feel" of a gun justified the search and removal of the gun from defendant's person. (See CPL 140.50; *Terry v Ohio,* 392 US 1; *People v Rivera,* 14 NY2d 441, 444–446.) Concur—Stevens, P. J., Markewich, Lane and Nunez, JJ.; Capozzoli, J., dissents in the following memorandum: Capozzoli, J. (dissenting). The record discloses that the informant phoned the police station and gave the information that a person, described as a "little dude", wearing a black overcoat and black hat, had a gun. It is conceded that the informant is unknown and there is no evidence to indicate his reliability. Hence, the subsequent restraint of the defendant, the frisk and the search were violative of the defendant's rights. *(People v Horowitz,* 21 NY2d 55; *People v Lypka,* 36 NY2d 210.) In the *Horowitz* case *(supra)* in commenting on the information, as given by an informant and the value thereof, the court said (p 58) of the opinion: "All that this amounts to is that the anonymous informer described the defendant correctly and had the right man as the sequel proved when he was found to have the stolen bonds in his possession. That is not the kind of evidence necessary to prove the reliability of the informer". (Also, see,

*People v Sanchez,* 38 NY2d 72.) Accordingly, the motion to suppress should have been granted.