■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH STROLLER, Appellant.—Judgment of the Supreme Court, New York County, rendered December 8, 1975, convicting defendant, upon a plea of guilty of the crime of attempted possession of a weapon in the third degree as a felony, reversed on the law, the motion for suppression of certain physical evidence granted, and the indictment dismissed. On March 24, 1975, at about 9:00 P.M., a "911" call was received by the police. The caller, who was otherwise unknown, identified himself as Jerry Levy and stated he had seen a man with a gun at a certain location. The caller described the man and the clothing he was wearing. Responding to a radio report from the police

dispatcher relaying the information, Police Officer Barry, on radio motor patrol, arrived at the scene within minutes after the broadcast. Other officers were already there. Officer Barry saw only one man on the street. That person was dressed in clothing which did not, it appears, actually match the description transmitted over the air. Drawing his revolver half out of its holster, Officer Barry approached the civilian, who was standing still, thus effecting an arrest. The officer asked defendant for his name; defendant responded in a stutter, which the officer did not understand. The officer then patted defendant's outer clothing, felt a hard object and extracted a loaded revolver from one of defendant's pockets. In cases where an arrest is effected upon citizens walking in the street, the law requires the existence of probable cause for such police action. *(People v Cantor,* 36 NY2d 106.) Where such person is stopped merely for the purpose of inquiry, reasonable suspicion is requisite (CPL 140.50; *People v Moore,* 32 NY2d 67; *People v La Pene,* 40 NY2d 210). In either event, the information upon which the officer acted must meet the test of reliability *(Aguilar v Texas,* 378 US 108; *Adams v Williams,* 407 US 143; *People v Hanlon,* 36 NY2d 549.) Here the information upon which the officer acted did not meet that test. Prior to confronting defendant, the officer had no independent knowledge upon which he could predicate a belief that criminal activity was afoot; nor did he observe defendant engage in any conduct of questionable nature to arouse the officer's suspicion. The officer was proceeding solely upon the information furnished by the informant. The informant was unknown to the police, notwithstanding that he had given his name as Jerry Levy to "911". After having made the call, he did not come forward personally, but vanished into the night. We recognize the dilemma of the police in acting upon information received in the manner described herein, namely, considerations of public safety and the requirement of appropriate police action as opposed to a person's right to be let alone. In *People v Green* (35 NY2d 193) a teenager approached an officer stating that he had seen an attempted robbery at a nearby building, describing the robber and stating that he had a gun. The robber was described as tall, wearing a black leather jacket, bearded and with a slight afro hair-style. At that point Green and two others passed by and the teenager identified Green as the robber and then in answer to another question confirmed the identification. The officer without obtaining the teenager's name followed defendant, finally grabbed him and found a gun. In that case more information was provided than appears in the record here. The Court of Appeals was obviously troubled by the matter and although the stop and frisk was upheld, the following instructive comments were made: "In our view this case approaches the limit for a finding of reasonable suspicion prerequisite to a frisk. (Cf. *People v. Brown,* 31 N. Y. 2d 995.) There is a difference of significant degree between a report only that a person has a gun in his possession and another report that a person not only has a gun but that he has just used it for the commission of a crime. * * * A citizen walking our streets should not, without more, be exposed to physical assault by a police officer on the basis of an unsubstantiated report of the mere possession of firearms volunteered by a stranger." *(People v Green, supra,* at p 196.) The facts herein, therefore are beyond the limits of permitted police action. This finding must be accepted with the realization that the constitutional command, that searches and seizures be made upon reasonable grounds (US Const., 4th Amdt.), was designed for the protection of all persons, the innocent as well as the guilty. Concur—Murphy, Birns and Capozzoli; Markewich, J. P., and Nunez, J., dissent in the following memorandum by Nunez, J.: NUNEZ, J.

(dissenting). Emergency telephone calls do not lend themselves to evaluation of the informer's veracity. Yet the police would be remiss in their duties if they failed to investigate a call concerning a gun, *(People v Williams,* 52 AD2d 520). A police officer may act on the strength of a communication from a fellow officer and assume its reliability *(Whitely v Warden,* 401 US 560, 568; *People v Horowitz,* 21 NY2d 55, 60). In this case, responding to the broadcast, the police encounter the defendant who, contrary to the statement of the majority, matches the description given. A police officer approaches him and asks his name. Such action is permitted by CPL 140.50 (subd 1). (See also *People v Moore,* 32 NY2d 67; *Terry v Ohio,* 392 US 1, 22; *People v De Bour,* 40 NY2d 210.) Compare the police action condemned in *People v La Pene* (40 NY2d 210). No satisfactory answer is given. As the defendant matches the description provided, the officer may believe the defendant possesses a gun as reported, and that he is in danger. The officer can then make a limited search *(People v Taggart,* 20 NY2d 335, 337) not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence *(Sibron v New York,* 392 US 40, 63; CPL 140.50, subd 3). Whether or not a search or seizure is to be considered reasonable requires a weighing of the government's interest against the encroachment upon an individual's right to privacy and personal security *(People v Cantor,* 36 NY2d 106, 111). *Terry v Ohio (supra,* at p 27), allows "a reasonable search for weapons for the protection of the police officer, where he has reason to believe he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." I would affirm the judgment of conviction.