■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY FORTE, Appellant.—Judgment, Supreme Court, New York County, rendered April 22, 1976, convicting defendant, on a plea of guilty to attempted criminal possession of a weapon in the third degree, after his motion to suppress physical evidence was denied, unanimously reversed, on the law, the plea vacated; the motion to suppress granted and the indictment dismissed. Patently, a police officer may not conduct an immediate frisk, based solely on information provided by an unknown and anonymous informant, without any objective observation substantiating the information and without prior inquiry (see *People v De Bour*, 40 NY2d 210; *People v Stewart*, 41 NY2d 65; *People v Stroller*, 53 AD2d 816; *People v Batino*, 48 AD2d 619). Officer Ryan testified that he received a radio call describing a man wearing a tan coat, dark trousers, dark shoes and smoking a cigar as being in possession of a gun between 145th Street and 146th Street and Seventh Avenue, Manhattan. At that location the officer observed and stopped defendant, who matched the description. At this point, another officer (Penn) arrived. The latter had received a radio call that there was a male, white, wearing a light raincoat, brown pants, dark shoes and smoking a cigar, who had a shotgun in his possession. Parenthetically, it is noted that defendant is black, not "white" as described in the call answered by Officer Penn. Defendant, according to Officer Penn, matched the description and had just "thrown [a] cigar down." Both officers observed a bulge in defendant's right raincoat pocket. There was no testimony that the bulge appeared to be a gun, and it is not likely that Officer Penn believed the bulge to conceal the shotgun described in his radio call. These officers, together with Penn's partner, surrounded the defendant and one patted him down without prior inquiry and without any objective information to verify the radio call other than the general description. In light of the legal principles set forth above, we must conclude that the immediate frisk, under the circumstances herein, was not justified. Concur—Murphy, J. P., Lupiano, Capozzoli and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK Respondent, v PEDRO ARROYO, Appellant.—Judgment, Supreme Court, New York County, rendered April 12, 1973, convicting the defendant after a jury trial of the crimes of attempt to commit the crime of murder; attempt to commit the crime of assault in the first degree; assault in the second degree (two counts); and possession of a weapon as a felony, unanimously modified on the law to the extent of reversing the convictions for the crimes of attempt to commit the crime of assault in the first degree; assault in the second degree (both counts); and possession of a weapon, and dismissing those counts of the indictment and otherwise affirmed. In the case at bar, the counts in the indictment related to assault and the possession of the .32 caliber gun were included within the greater offense of attempted murder and must, therefore, be considered as inclusory concurrent counts (CPL 300.30, subd 4). A verdict of guilty as to the greater count of attempt to commit the crime of murder is deemed a dismissal of all lesser included counts (CPL 300. 40, subd 3, par [b]; *People v Grier*, 37 NY2d 847, 848; *People v Pyles*, 44 AD2d 784), and we have modified the judgment accordingly. We have reviewed the other points raised by appellant and found them to be without merit. Concur—Murphy, P. J., Lupiano, Capozzoli and Lane, JJ.