■ LEE SABLE, as Executrix of WALTER EPHRON, Deceased, Respondent, v SOLOMON SUROWITZ et al., Appellants.—Order, Supreme Court, New York County, entered March 11, 1977, denying defendants' motion for summary judgment, unanimously affirmed, without costs and without disbursements. While the contention of the plaintiff as to the area of malpractice alleged against the defendants, her former attorneys, seems nebulous (see *Katz Agency v Heftel Broadcasting Corp.,* 56 AD2d 758), there are some factual matters as set forth in the plaintiff's bill of particulars as to which there are differences, such as whether the agreement negotiated by the defendants on behalf of the plaintiff as executrix with the auction gallery was to provide for the sale of the art collection "as is" or not, and whether the defendants were instructed to obtain such language in the agreement. There is also the question of what the situation is with respect to estate taxes for which a tax return was prepared on behalf of the estate by the defendants. Under the circumstances, a motion for summary judgment is, at least, premature at this time. In another action, the defendants are suing the plaintiff for additional counsel fees. It would be best if these two actions were consolidated and heard together. Concur—Kupferman, J. P., Evans, Capozzoli, Lane and Yesawich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BUCHANAN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK BUNTIN, Appellant.—Judgments, Supreme Court, Bronx County, rendered May 2, 1975, convicting defendants after jury trial of murder, manslaughter in the first degree, two counts of robbery in the first degree and possession of a weapon as misdemeanors unanimously modified, on the law, to dismiss the weapons counts and otherwise affirmed. On the facts in the record, charges of possession of a weapon as a misdemeanor were inclusory concurrent counts of murder and robbery (CPL 300.30, subd 4). There was no proof of possession independent of the crimes of murder and robbery. Convictions on the higher offenses are deemed dismissals of the lesser offenses included therein. (CPL 300.40, subd 3, par [b]; *People v Santiago,* 47 AD2d 867; *People v Arroyo,* 57 AD2d 523.) We have examined the other points urged by appellants and find them without merit. Concur—Birns, J. P., Silverman, Evans and Capozzoli, JJ.