■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT SPINELLI, Appellant.— Appeal by defendant from a judgment of the County Court, Rockland County, rendered November 28, 1973, convicting him of criminal possession of stolen property in the second degree (three counts), criminal possession of a forged instrument in the second degree (two counts) and petit larceny, upon a jury verdict, and imposing sentence. The appeal also brings up for review an order of the same court, dated October 2, 1973, which granted the People's motion to amend the indictment. Order reversed, on the law, and motion denied. Judgment modified, on the law, by changing defendant's convictions of three counts of criminal possession of stolen property in the second degree, and the prison terms imposed therefor, to a single conviction of said crime and a single indeterminate prison term not to exceed four years, to be served concurrently with the sentences upon the convictions for the other crimes. As so modified, judgment affirmed. The facts upon which the judgment was based were established. The case is remitted to the County Court, Rockland County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). The original indictment contained four counts, as follows: " (1) Criminal possession on August 21, 1972

of stolen property in the second degree, i.e., three credit cards: (a) A Master Charge card in the name of Mrs. Gibbons; (b) A Mobil card in the name of Siegfried Mueller; and (c) A Mobile card in the name of William E. Pane. (2) Criminal possession of a forged instrument in the second degree, i.e., on August 21, 1972 defendant possessed a forged New York State passenger vehicle registration certificate in the name of Emma Gibbons. (3) Criminal possession of a forged instrument in the second degree, i.e., on April 19, 1972 defendant possessed a credit card sales receipt for $5.60 for a payment by Siegfried Mueller; and (c) A Mobil card in the name of William E. Pane. said Mueller Mobil credit card and credit card sales receipt to purchase $5.60 worth of gasoline and motor oil." On September 27, 1973, approximately one week prior to the commencement of trial, the People moved, pursuant to CPL 200.70 (subd. 1) to amend the indictment and substitute three separate counts in place of the first count of the indictment. The purpose of the motion, which the trial court granted over defense objection, was to have the first count charge possession of the Gibbons credit card, the second count charge possession of the Mueller credit card and the third count charge possession of the Pane credit card. The basis for the motion was the People's contention that under the indictment, as originally pleaded, it was necessary for them to prove possession by defendant of all three credit cards in order to secure a conviction under the first count. As a result of the granting of the motion, each of the first three counts of the amended indictment charged criminal possession of stolen property in the second degree and referred to only one credit card. The second, third and fourth counts of the original indictment became the fourth, fifth and sixth counts. Defendant was convicted of all six counts. While the evidence was sufficient to establish his guilt beyond a reasonable doubt on each of the six counts, we find merit to his contention that the amendment was improper and unauthorized. The motion to amend was governed by CPL 200.70 (subd. 2) which provides, in pertinent part: " nor may an indictment be amended for the purpose of curing: * * * (c) A misjoinder of offenses ". The amendment was unauthorized and improper (see *People* v. *Brumfield,* 31 A D 2d 726; *People* v. *Houppert,* 28 A D 2d 807). It subjected defendant to conviction and sentence on six counts although the Grand Jury had only returned a four-count indictment. Despite the fact that the trial court imposed equal concurrent indeterminate prison terms of up to four years on each of the five felony convictions and six months on the petit larceny conviction, defendant stands convicted, of record, of six crimes rather than four. The erroneous procedure adopted by the trial court, at the behest of the People, need not, however, result in a reversal of the entire judgment. Since defendant was convicted by the jury of all three counts of criminal possession of the stolen credit cards under the indictment as amended, he sustains no prejudice by our modification of the judgment since he is thereby put into the position he would have been in had the court sustained his objection and denied the motion to amend the indictment. Cohalan, Acting P. J., Christ, Brennan, Munder and Shapiro, JJ., concur.