OPINION OF THE COURT
Jasen, J.
After returning home from a movie, at approximately 1:30 a.m., George Glass was approached in front of his apartment building at 1340 Morris Avenue in The Bronx by appellant, Jesus Perez, and a second individual, one Robert Ferguson. Upon approaching Glass, appellant inquired as to whether a certain person lived in the apartment building. Before Glass could respond however, appellant, who while approaching Glass was handed a knife by Ferguson, thrust Glass against" a parked car, placed the knife against his spine, and demanded that he surrender his money. Notwithstanding Glass’ fright *208 ened attempt to co-operate by indicating his possession of a few dollars and his willingness to turn over that sum to his assailants, appellant continued to bear his weight against the knife while Ferguson rifled Glass’ pockets. Having discovered no greater bounty, as Glass had contended, appellant nonetheless plunged the knife into his victim’s back. Recoiling from the blow, Glass staggered into the street only to be seized again by his attackers and stabbed a second time by appellant.
Having been indicted in a multicount indictment, appellant, after a jury trial, was convicted of robbery in the first degree (Penal Law, § 160.15), two counts of assault in the second degree (Penal Law, § 120.05), and possession of a weapon as a misdemeanor (Penal Law, § 265.05, subd 9).* The Appellate Division affirmed appellant’s convictions, without opinion.
Appellant raises a number of issues on this appeal, each of which we find, upon review, to be without merit. We, nonetheless, take this opportunity to clarify the scope of GPL 300.40 (subd 3, par [b]), which provides that a verdict of guilty upon the greatest count of an indictment submitted to the jury constitutes a dismissal of every lesser inclusory concurrent count submitted.
With regard to this issue, appellant contends that the third count of the indictment charging him with possession of a "knife with the intent to use the same unlawfully against another” is a lesser included offense of the first count of the indictment charging him with robbery in the first degree. The latter count charged specifically that in the course of the commission of the robbery, appellant was "armed with and used and threatened the immediate use of a dangerous instrument, to wit, a knife.” The basis of appellant’s contention is two-pronged: First, that he could not have committed the robbery armed with a knife and used such weapon without necessarily concomitantly possessing the knife with the intent to use it unlawfully against a person; and, second, that there exists no evidence that he possessed the knife prior to the commencement of the robbery. Thus, concludes appellant, the jury’s verdict convicting him of robbery in the first degree should have automatically resulted in the dismissal of the weapons possession count. We cannot agree.
Standing as the fountain of the doctrine of lesser included offense is GPL 1.20 (subd 37), which provides that "[wjhen it is *209 impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of a lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.’ ” Interpreting this statutory definition, the Appellate Division has, in a number of recent cases similar to the instant appeal, held that a weapons possession charge is dismissed upon the return of a verdict of guilty on a greater crime. (See, e.g., People v Buchanan, 57 AD2d 781 [possession of a weapon as inclusory concurrent count of murder and robbery]; People v Williams, 57 AD2d 850 [possession of a weapon as inclusory concurrent count of attempted murder]; People v Davis, 56 AD2d 892 [possession of weapon as inclusory concurrent count of attempted assault]; People v Lucas, 56 AD2d 780 [possession of weapon as inclusory concurrent count of robbery]; People v Solomon, 56 AD2d 751 [possession of weapon as inclusory concurrent count of robbery].) The apparent rationale for the dismissal of an indictment count charging possession of a weapon upon the return of a verdict of guilty upon a count of the indictment charging a greater crime is the absence of evidence indicating the defendant’s possession of the weapon with intent to use it unlawfully independent of the commission of the greater crime, be it robbery, assault, murder or some other crime.
We believe, however, that it is not necessary to prove a defendant’s possession of a weapon with intent to use it against a person unlawfully by evidence independent of the defendant’s conduct during the commission of a greater crime. On the contrary, where a defendant uses a weapon unlawfully to commit a crime of violence, such as robbery, that conduct in itself provides the basis for an indictment charging the defendant with both robbery and possession of a weapon with intent to use it against a person unlawfully.
Behind the doctrine of lesser included offense stands the basic principle that a defendant should not be convicted and punished more than once for conduct which, although constituting only one prohibited act, may, because of statutory definition, be theorized as constituting separate criminal acts. For example, in People v Stanfield (36 NY2d 467), we considered the question whether criminally negligent homicide is a lesser included offense of manslaughter in the second degree. In holding that it is, we noted that the distinction between the crimes of manslaughter in the second degree and criminally negligent homicide is nothing more than the mental state of *210 the actor at the time of the commission of the crime. (See People v Haney, 30 NY2d 328, 333.) We stressed that, exclusive of the mental state, the result and underlying conduct requisite in both manslaughter in the second degree and criminally negligent homicide are identical. (36 NY2d, at p 470, supra.) For this reason, we rejected the argument advanced by the People that, because of the different mental states required by the statutory definitions of these crimes, they are mutually exclusive and, hence, that it would be possible to commit manslaughter in the second degree without concomitantly committing criminally negligent homicide. (Id., P 471.)
In a somewhat similar vein, we held in People v Henderson (41 NY2d 233) that trespass in the third degree qualifies as a lesser included offense of burglary in the third degree. There, we stated: "Indeed, '[bjurglary, as defined in the Revised Penal Law, is, in essence, nothing more than a form of criminal trespass with two aggravating factors: (1) the premises invaded constitute a building, and (2) the intruder enters or remains with intent to commit a crime thereon’ ”. (Id., at p 235, quoting Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 140.20, p 35.)
To be distinguished is the present case, in which the crimes of robbery and possession of a weapon constitute separately cognizable and statutorily proscribed wrongs. These crimes differ not merely in the requisite mental state of the actor, but, more importantly, in their underlying conduct and result. Certainly, no one would consider robbery as nothing more than possession of a weapon with certain aggravating factors, as one would burglary and trespass. (See People v Henderson, supra.) Because of the serious danger to the public posed by individuals who possess weapons, we believe that, as a matter of policy, the Legislature could not have intended that a weapons possession charge, such as the charge involved in this case, merge with the greater crime of robbery, notwithstanding the absence of evidence of the defendant’s possession of the weapon independent of his conduct during the commission of the robbery.
In so holding, we call attention to the fact that to convict appellant of both the crimes of robbery in the first degree and possession of a weapon as a misdemeanor will not result in the imposition of a sentence of imprisonment greater than that which would have been imposable had he been convicted *211 only of robbery in the first degree. Where a defendant is convicted of two offenses as a result of "an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences [of imprisonment imposed] must run concurrently.” (Penal Law, § 70.25, subd 2.) Thus, while at first blush appellant’s conviction of both robbery in the first degree and possession of a weapon as a misdemeanor may appear harsh, its effect is mitigated by a statutory proscription against imposition of an additional sentence of imprisonment for the latter crime.
Accordingly, the order of the Appellate Division should be affirmed.

(Now Penal Law, § 265.01, subd [2].)