■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE KLEIN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 10, 1977, convicting him of manslaughter in the first degree, assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed and case remanded to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). At the trial, the court charged murder in the second degree, manslaughter in the first degree as a lesser included offense of murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and the defense of justification, but refused to charge manslaughter in the second degree and assault in the second degree as lesser included offenses. The jury acquitted the defendant of murder in the second degree but convicted him of manslaughter in the first degree, assault in the first degree and criminal possession of a weapon in the second degree.

Viewing the evidence in the light most favorable to the defendant, there is no reasonable view of the facts which would support a conviction of manslaughter in the second degree. Therefore, the requested charge was unwarranted and properly denied (see *People v Discala,* 45 NY2d 38, 41-43). A like analysis applies to the refusal to charge assault in the second degree as a lesser included offense of assault in the first degree. Furthermore, criminal possession of a weapon in the second degree, of which defendant was convicted, is not an inclusory concurrent count of manslaughter in the first degree and therefore need not be dismissed (see *People v Perez,* 45 NY2d 204). Mollen, P. J., Martuscello, Rabin and Gulotta, JJ., concur.