THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MURRAY, Appellant.

First Department, May 3, 1979

## APPEARANCES OF COUNSEL

*Walter J. Law* for appellant.

*Marc Frazier Scholl* of counsel (*Jerrold L. Neugarten* with him on the brief; *Robert M. Morgenthau, District Attorney*), for respondent.

## OPINION OF THE COURT

SILVERMAN, J.

Defendant appeals from a judgment of the Supreme Court convicting him on jury verdict under the first and fifth counts of the indictment of criminal possession of a weapon in the second degree (Penal Law, § 265.03), and sentencing him

thereon to concurrent terms of imprisonment of 7½ to 15 years on the first count and 5 to 10 years on the fifth count.

It was the prosecution's claim that defendant possessed a loaded pistol; that in an altercation with some civilians, defendant threatened the civilians with the pistol and actually held it to the head of one of the civilians, and attempted to fire the gun at the civilian; that defendant was interrupted by the arrival of the police, and that in the chase by the police, defendant fired at least one shot at the police.

Defendant was indicted (along with a codefendant) on a six count indictment. All counts, except the first and fifth counts, resulted in either acquittals or dismissals. We are concerned in this appeal only with the first and fifth counts. Both the first and fifth counts resulted in convictions of the crime of criminal possession of a weapon in the second degree, i.e., possession of a loaded firearm with intent to use the same unlawfully against another. (Penal Law, § 265.03.)

The first count of the indictment charged the defendant with attempt to commit the crime of murder in the first degree, in that defendant attempted to murder police officers. The complications in this case arise from the fact that under this count the court submitted to the jury, as a lesser included offense, the crime of criminal possession of a weapon in the second degree. Under the first count, the court directed the jury to bring in a verdict of guilty or not guilty of the crime of attempted murder in the first degree, and if they found the defendant not guilty of that crime, then to consider successively as lesser included offenses under that count, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

Although the indictment made no such distinction, the court instructed the jury that with respect to the charge of criminal possession of a weapon in the second degree, under the *fifth* count, the jury should consider the incident only as concerned the civilians and not the incident involving the police officers; and at least by implication, that as to the *first* count, with respect to the charge of criminal possession of a weapon in the second degree, the jury should consider the incident relating to the police officers.

The jury brought in a verdict on the first count of "not guilty" of attempted murder but "guilty" of criminal possession of a weapon in the second degree.

The fifth count of the indictment directly charged the

defendant with the crime of criminal possession of a weapon in the second degree and was submitted as such. The jury found him guilty under this count.

Thus the defendant was found guilty of two counts of criminal possession of a weapon in the second degree—under the first and fifth counts respectively.

The court sentenced the defendant as a predicate felon to concurrent prison terms of 7½ to 15 years on the first count and 5 to 10 years on the fifth count.

With respect to the first count, we think the court was in error in submitting the crime of criminal possession of a weapon in the second degree as a lesser included offense. In our view, criminal possession of a weapon is not a lesser included offense under attempted murder. (Cf. *People v Perez,* 45 NY2d 204.) The submission of this charge as a lesser included offense was duly objected to. As defendant was acquitted of the only crime properly submitted under the first count—attempted murder—the judgment with respect to that count must be one of acquittal and dismissal of that count.

In the view we take of the case, it becomes unnecessary to consider the effect of the court's statement before summations that it did not intend to submit any lesser included offense under the first count and its later submission of such an offense under that count.

There remains the question of the effect of the conviction of criminal possession of a weapon in the second degree under the first count, and specifically its effect on the fifth count. Clearly it does not call for a reversal of the conviction under the fifth count of the crime of criminal possession of a weapon in the second degree. Under that count the defendant was indicted for that crime, convicted for that crime and sentenced for that crime. The instruction by the court to the jury to consider only the evidence as to the civilians with respect to that count, if error, was merely unduly favorable to defendant and not a reason for vacating the conviction on the fifth count.

We have considered the possibility of sending the case back for resentence for one crime of criminal possession of a weapon in the second degree considering the two convictions as one, on the theory that what the court did amounted to splitting the crime as charged in the fifth count into two parts, one submitted under the fifth count and one under the first count; that the jury clearly convicted on both parts; that

the Judge clearly intended to sentence on both parts; and that therefore we might simply erase the effect of the Judge's separation into two parts of that crime and send the case back for imposition of the sentence on the crime as originally charged. (Cf. *People v Spinelli*, 47 AD2d 769.) We think, however, that this rather convoluted argument is outweighed by the fundamental right of the defendant who has been convicted and sentenced for a crime under a given count not to have that valid, legal sentence increased against his will (except in certain extraordinary situations), and, therefore, in this case we should adhere strictly not only to the substance but to the precise forms of procedural regularity.

Defendant was indicted on the first count for attempted murder in the first degree and on the fifth count for criminal possession of a weapon in the second degree. He was acquitted on the first count and convicted on the fifth count, and was sentenced on the fifth count to a period of imprisonment of 5 to 10 years. That should be and is the judgment.

The remaining contentions of the parties do not warrant a different result.

The judgment of the Supreme Court, New York County (MYERS, J.), rendered July 5, 1977, convicting defendant on jury verdict, under the first and fifth counts, of criminal possession of a weapon in the second degree, and sentencing him thereon, should be modified, on the law, to the extent that the judgment of conviction under the first count should be reversed, and the sentence on the first count vacated, and the first count should be dismissed, and the judgment should be otherwise affirmed.

KUPFERMAN, J. P., BIRNS and LANE, JJ., concur.

Judgment, Supreme Court, New York County, rendered on July 5, 1977, modified, on the law, to the extent that the judgment of conviction under the first count is reversed, and the sentence on the first count vacated and the first count dismissed, and the judgment is otherwise affirmed.