OPINION OF THE COURT
Memorandum.
The order óf the Appellate Division insofar as appealed from should be reversed. The defendant is entitled to a new trial on the count charging her with murder in the second degree and criminal possession of a weapon in the second degree. She should also be resentenced for her conviction of possession of a weapon in the third degree. However the case must be remitted first to the Appellate Division as to the charge of possession in the second degree in view of that court’s prior reversal thereon on the law alone (CPL 470.25, *910 subd 2, par [d]; 470.40, subd 2, par [b]; see, e.g., People v Cullen, 50 NY2d 168).
The court erred in permitting the prosecutor to introduce, over objection, testimony of a study of other suicides purporting to show, statistically, how far from his body a suicide victim holds "the gun”. The testimony was based on a study of the files of the Westchester County Medical Examiner’s office in which homicides investigated during a period of several years had been classified as suicides. The study showed that the agency had been remarkably consistent in classifying deaths as suicides when certain factors were present. There is nothing in the record, however, to indicate that the sampling was representative, that reliable criteria were employed or that the conclusions on which the statistics were based were in fact accurate. In short, the People failed to lay a proper foundation showing that the results of the study were reliable.
The court also permitted prosecution witnesses to testify to the results of test-firing the weapon at various objects at prescribed distances. The defendant claims that this was error because there was no showing that these objects possessed characteristics substantially similar to human skin or that they reflected powder burns in the same manner as human skin. The People claim that this proof was only introduced "to show the distribution at specific distances of the products of discharge of a particular gun and ammunition.” But there was extensive testimony that one of the test subjects was a living rabbit which had been shaved and human hair placed over the skin to simulate the conditions on the victim’s head. This obviously was not the kind of neutral test designed only to produce the limited results the People now contend. If at the new trial the People offer to show the effects of a gun shot from this weapon on animal tissue, they must first establish that there is a substantial similarity between the skin and tissue of the test subject and that of a human victim.
The defendant does not contend that these rulings require reversal of the conviction for criminal possession of a weapon in the third degree. She claims, however, that if the murder conviction is reversed, she should be resentenced on that weapons charge. We agree that under those circumstances, the sentence imposed on that charge, in conjunction with the sentence for the murder, should be vacated and the defendant resentenced on the conviction for possession of a weapon in the third degree.
*911 On the cross appeal we agree with the People’s claim that the Appellate Division erred in dismissing the conviction for criminal possession of a weapon in the second degree (People v Perez, 45 NY2d 204). This charge, however, is factually related to the murder charge in this case, so that the reversal of the murder conviction should also require a new trial on the charge of criminal possession of a weapon in the second degree. But that charge must first be remitted to the Appellate Division pursuant to the statute (CPL 470.25, subd 2, par [d]; 470.40, subd 2, par [b]).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order, insofar as appealed from, reversed, and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.