OPINION OF THE COURT
Anthony P. Savarese, J.
The defendant was indicted for murder in the second degree and criminal possession of a weapon in the third degree. A trial was had, at the conclusion of which the court submitted to the jury, along with the crimes charged, a charge of manslaughter in the first degree as a lesser included offense under the first count of the indictment. After two and one-half days of deliberation, the jury reported that it was hopelessly deadlocked with respect to the first count of the indictment, but had reached a verdict on the second count. There being no objection by either side, the court accepted a partial verdict pursuant to CPL 310.70 (subd 1, par [a]). The jury found the defendant not guilty of criminal possession of a weapon in the third degree.
The defendant now moves to dismiss the indictment on *840 the ground that a retrial is prohibited under CPL 310.70 (subd 2, par [a]).
Under the first count of the indictment the defendant was charged with causing the death of the victim by stabbing him repeatedly with a pair of scissors. Under the second count of the indictment the defendant was charged with possession of a dangerous instrument with intent to use the same unlawfully against another. At trial the People offered evidence to show that the scissors were the murder weapon.
The defendant contends that since he was acquitted of the weapons count, and since the dangerous instrument and the alleged murder weapon were one and the same, a conviction on the unresolved count would be inconsistent with the verdict actually rendered and therefore a retrial on the unresolved count is prohibited under CPL 310.70 (subd 2, par [a]). The issue before us then is whether a conviction under the first count of this indictment would be inconsistent with the acquittal already had on the second count.
CPL 310.70 (subd 2) was amended in 1974 to provide: “Following the rendition of a partial verdict pursuant to subdivision one, a defendant may be retried for any submitted offense upon which the jury was unable to agree unless:
“(a) A verdict of conviction thereon would have been inconsistent with a verdict, of either conviction or acquittal, actually rendered with respect to some other offense”. (Emphasis supplied.)
Prior to this 1974 amendment a defendant could be retried after rendition of a partial verdict only if the unresolved count was consecutive, as the term was defined in CPL 300.30 (subd 2), as to every count upon which the jury had rendered a verdict, whether guilty or not guilty.
It is clear then that prior to the 1974 amendment the retrial of an unresolved concurrent count of an indictment was prohibited. The Legislature, by adopting an “inconsistency” test to bar retrial on an unresolved count, expanded the retrial potential for the People to permit a second trial of an unresolved concurrent count, as well as *841 an unresolved consecutive count, as long as a conviction on that count would not be inconsistent with the verdict actually rendered (see Bellacosa, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 310.70, p 444). Clearly, the counts charged in this indictment are concurrent counts as defined in CPL 300. 30 (subd 3) and subdivision 2 of section 70.25 of the Penal Law.
Whether these counts are to be classified as “inclusory concurrent” or “non-inclusory concurrent” is critical to the issue here presented. CPL 300.30 (subd 4) states that “Concurrent counts are ‘inclusory’ when the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater. All other * * * counts are ‘non-inclusory,’ ”
If the weapons count is an inclusory concurrent count, the defendant’s motion must succeed because the weapons count charges an offense of a lesser degree than the murder charge contained in the first count and is a “lesser included offense” thereof as defined in CPL 1.20 (subd 37). Acquittal on such count would therefore preclude a finding of guilty of at least one of the essential elements of the greater count and therefore render a conviction on the greater count irreversibly inconsistent, if not repugnant (see People v Mitchell, 64 AD2d 119; People v Dercole, 72 AD2d 318).
I conclude that criminal possession of a weapon with intent to use unlawfully is not an inclusory concurrent count of murder in the second degree (see People v Perez, 45 NY2d 204; People v Klein, 65 AD2d 760; People v Murray, 67 AD2d 484).
In People v Perez (supra), a defendant was charged with robbery in the first degree (threatening the use of a knife) and criminal possession of a weapon as a misdemeanor (based upon the possession of the knife with intent to use unlawfully against another). The Perez court, citing the different mental states involved in each crime and what it termed the legislative intent against the merger of a weapons charge into a robbery charge, held that the weapons count was a noninclusory concurrent count of robbery.
It has been held as well that criminal possession of a weapon with intent to use unlawfully is neither an inclusory *842 concurrent count of manslaughter in the first degree (see People v Klein, supra), nor of attempted murder in the second degree (see People v Murray, supra).
In People v Cohen (71 AD2d 687) a defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree (intent to use unlawfully) . In affirming the murder conviction the Appellate Division dismissed the weapons conviction declaring that the defendant could not have committed the murder without also possessing the weapon. The court cited Perez and stated explicitly that Perez would not mandate a different result.
The Court of Appeals reversed the murder conviction for improper evidentiary rulings (see People v Cohen, 50 NY2d 908). However, the court also addressed the dismissal of the weapons count citing Perez (People v Cohen, 50 NY2d 908, 911), saying “we agree with the People’s claim that the Appellate Division erred in dismissing the [count of] criminal possession of a weapon in the second degree”.
The Perez and Cohen decisions stand for the proposition that where a weapon is used to further some higher level of assaultive conduct, the weapons count is a noninclusory concurrent count of the higher level assault.
It remains then to determine whether the acquittal of the noninclusory concurrent count (possession of the weapon) and the potential conviction upon retrial of the unresolved murder count would be inconsistent and therefore bar retrial of the unresolved count. Logically, and under the cases, it need not be inconsistent unless the facts proved clearly make it so.
At the outset, it should be noted that implicit in this jury’s inability to reach a verdict is the fact that some members thereof experienced no difficulty in finding that the defendant committed the murder with the scissors but that the possession inherent in such act was different from the possession contemplated in the weapons count. These jurors logically and consistently were able to find that the defendant “used” the scissors with unlawful intent, but that he never otherwise “possessed” the scissors with intent to use unlawfully. Perhaps they were someone else’s scissors which had been left there by mistake; maybe the defendant *843 borrowed or bought these for a particular work in which he was engaged; maybe the victim himself owned the scissors. Speculation to be sure, but nonetheless speculation reasonably referrable to the objective facts available.
Perez recognized this, for it distinguished the degree of intent involved in the ultimate assaultive conduct from the degree of intent involved in the conduct leading up to the assaultive act. We should not, therefore, measure inconsistency of a nonconclusory concurrent count in terms of the elements defining the crime, stark and bare as they are set forth in the statute, and without clothing them in the facts, substance and circumstances to which they relate in the indictment.
“ ‘Inconsistency’ [in the context in which it is employed here] is generally understood to mean some logical impossibility or improbability implicit in the jury’s findings as to the various counts of the indictment” (see 18 ALR3d 259, 287). Since the question of inconsistency goes hand-in-hand with the fact-finding function of a jury, the logic of the jury’s decision-making process in reaching or attempting to reach a verdict is not to be impeached readily by the courts.
In People v Haymes (34 NY2d 639) (a case notably similar to the case at bar, particularly in light of defense counsel’s request for a lesser included charge of manslaughter in the first degree), the defendant was convicted of manslaughter in the first degree, but acquitted of possession of a weapon with intent to use unlawfully. The court held (supra, p 640) : “We could find the jury’s verdicts reversibly inconsistent, or ‘repugnant’, only in a logical vacuum, for the record is utterly devoid of any indication that the jury’s acquittal on the weapons charge, an essential element of which was intent to use unlawfully, represents a * * * lack of intent to use the gun unlawfully at the time of the shootings. * * * As a consequence, the issue of intent to kill necessary to the finding of guilty of manslaughter was not resolved in defendant’s favor by the weapons acquittal. The verdicts are rationally reconcilable on this record and may stand together.” Applying the Haymes rationale to this case, it cannot be said that the jury’s acquittal on the weapons count, but being deadlocked on the murder count, *844 is without some logical explanation. Given the objective facts available, that is, the different kinds of intent required in each crime and the element of possession being present in only one crime, it is logically possible that the jury misinterpreted the court’s instruction on either the “intent” element or the “possession” element of the weapons count.
Since a rational explanation is possible, this court will not invade the province of the jury to classify the jury’s verdict as inconsistent. As long as a reason founded in logic can be inferred from the objective facts available, the consistency of the possible verdicts must be supported.
Accordingly, and for the reasons stated, the defendant’s motion to dismiss the indictment is denied.