■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD WIMMS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 7, 1980, convicting him of assault in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reducing the conviction of assault in the second degree to assault in the third degree and vacating the sentence imposed thereon. As so modified, judgment affirmed, and matter remanded to the Supreme Court, Queens County, for resentencing. Defendant was indicted and charged with two counts of assault in the second degree, both arising from the same events. Each count named a different victim and charged that the defendant had inflicted physical injury with a metal pipe. Subdivision 2 of section 120.05 of the Penal Law provides that a person is guilty of assault in the second degree when: "2. With intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument". At trial the prosecutor's proof established that the same metal

pipe had been used in each assault. The jury was charged that the metal pipe, as a matter of law, was not a deadly weapon. As to the first count of the indictment, the jury returned a verdict of not guilty of assault in the second degree but found defendant guilty of assault in the third degree, charged as a lesser included offense. As to the second count of the indictment, the jury returned a verdict of guilty of assault in the second degree. Defendant contends that the verdict of guilty on the second count of the indictment was repugnant to the acquittal of assault in the second degree under the first count. We agree. In view of the proof adduced at trial, in order to acquit defendant of assault in the second degree but convict him of assault in the third degree under the first count, the jury had to find that the metal pipe was not a dangerous instrument. To convict defendant of assault in the second degree under the second count, the jury had to find that the metal pipe was a dangerous instrument. Since the same metal pipe was used in each assault, the verdicts are inconsistent. Reversal, however, is not warranted unless the inconsistency rises to the level of repugnancy (People v Dercole, 72 AD2d 318, app dsmd 52 NY2d 956). In Dercole Mr. Justice Lazer stated (p 333): "absent a rational theory for their existence [other than jury mistake, compromise or lenity], apparently inconsistent verdicts will be held repugnant when the crimes upon which the verdicts are returned are either identical as to each of their elements or so related that an acquittal on one negatives an essential element of the crimes upon which there was a conviction." Here the two charges differed only as to the victim of each crime. Each charge depended upon the proof peculiar to it, but an examination of the proof reveals no rational explanation for the inconsistency between the two verdicts. The People's effort to justify the two verdicts because the assault on one victim was more egregious than on the other must fall since the jury convicted the defendant of the more serious count on the less serious assault. Accordingly, defendant's conviction of assault in the second degree cannot stand. However, since the inconsistency stems only from the status of the metal pipe as a dangerous instrument, the remaining elements of "intent to cause physical injury" and "physical injury" remain intact. Those elements have been established beyond a reasonable doubt. The defendant could properly have been convicted under the second count of the lesser included offense of assault in the third degree. Therefore, we reduce the conviction of assault in the second degree to assault in the third degree. We have considered defendant's remaining contentions and find them to be without merit. Damiani, J.P., Lazer, Cohalan and Thompson, JJ., concur.