■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EROL ILKER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 4, 1975, convicting him of criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. During defendant's first trial, the prosecutor sought a one-day continuance in order to produce a witness material to the People's case. The Trial Judge refused the request and forced the People to rest without benefit of the witness' testimony. The defense was then called upon to present its case. However, the defendant also desired to have the testimony of the subject witness and ultimately defense counsel told the Judge that since he had offered the alternative of a mistrial, "we would ask your Honor to declare a mistrial." The court thereupon declared a mistrial. Subsequently defendant was retried and convicted. He now contends that the second prosecution violated his constitutional protection against double jeopardy. We disapprove of the Trial Judge's refusal to grant a continuance under the circumstances of this case. However, we do not find that defendant has been subjected to double jeopardy since he consented to and even requested the mistrial (cf. *People v Michael*, 48 NY2d 1). We have examined defendant's other contentions and find them to be without merit. Damiani, J.P., Mangano, Gibbons and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. JENNINGS, Appellant. — Appeals by defendant from two judgments of the County Court, Nassau County, the first rendered September 10, 1979 (Ind. No. 48016), convicting him of burglary in the second degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence, and the second rendered December 12, 1979 (Ind. No. 48281) convicting him of two counts of burglary in the third degree, upon jury verdict, and imposing sentence. Judgment rendered December 12, 1979 affirmed. No opinion. Judgment rendered September 10, 1979 affirmed. (See *People v Kazmarick*, 52 NY2d 322.) Damiani, J.P., Gulotta, O'Connor and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK T. LEWIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 20, 1978, convicting him of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction for assault in the first degree, and vacating the sentence imposed thereon, and said count is dismissed. As so modified, judgment affirmed. Contrary to the People's concession, defendant's conviction for attempted murder in the second degree does not require the dismissal of his conviction for criminal possession of a weapon (see *People v Perez*, 45 NY2d 204), although the People correctly concede that it does require dismissal of his conviction for assault in the first degree, pursuant to CPL 300.40 (subd 3, par [b]). We have examined defendant's remaining contentions and find them to be without merit. Margett, J.P., O'Connor, Weinstein and Thompson, JJ., concur.