OPINION OF THE COURT
Allen Murray Myers, J.
Defendant Michael Goodfriend’s motion to vacate and set aside the verdict entered on June 27, 1981 and to dismiss the indictment, or in the alternative to grant a new trial under CPL 330.30 (subd 1), is now before this court.
There were three counts in this indictment. The jury acquitted the defendant on Count No. 1 which had charged him with rape in the first degree, and on Count No. 2 which charged him with oral sodomy in the first degree. The jury, however, convicted the defendant of the third count of anal sodomy in the first degree.
At the time of the rendition of the verdict, this court was aware of the apparent inconsistency in this verdict, since the three counts arose from the very same incident and the testimony as to the incident came from the same person, the complaining witness. It seemed to the court at the time that if the jury believed the complaining witness’ story as to one count of the indictment, it should believe her story as to the other two counts.
*334 INCONSISTENT VERDICTS
The rule has been that the trial court should not invade the province of the jury to substitute its judgment for theirs. Mere inconsistency in verdicts has not been fatal. The Appellate Division, First Department, said, “[I]t is a jury’s traditional right to be inconsistent.” (People v Lay, 39 AD2d 904.) It was well settled that each count of an indictment was to be treated as if it were a separate indictment and, thus, the consistency of a verdict is unnecessary. (Dunn v United States, 284 US 390; People v Pierce, 40 AD2d 581; People v Delorio, 33 AD2d 350.)
The test is not inconsistency. It is repugnancy. Repugnancy occurs only when the indictment charges crimes having identical elements and guilty verdicts are rendered on one or several, but not the others. (People v Bullís, 30 AD2d 470.) This has been the rule in New York, until now.
The defendant’s counsel cites the case of People v Dercole (72 AD2d 318) as modifying the old New York rule quoted in People v Bullís (supra).
This court has not found any post -Dercole cases in the First Department (except for a decision in the Grim Ct, NY County, Trial Term, Part 7; People v Arron, NYLJ, Oct. 30, 1981, p 13, col 6, Cotler, J.; People v Watson NYU, May 29,1981, p 14, col 3, Beerman, J. [Grim Ct, Bronx County], which did not discuss Dercole at all). The Court of Appeals, in dismissing the appeal in People v Dercole on February 12, 1981 (52 NY2d 956, 957), specifically stated, “It therefore goes without saying that our disposition does not reflect indorsement of the rulings contained in the opinion below”. So there is no authority controlling this court on Dercole. However, if not controlling, the opinions of the Appellate Division, Second Department, have a great persuasive influence upon this court.
What is the rule in Dercole? Simply put, it is as follows: “In * * *• [the absence of] a rational theory for their existence, apparently inconsistent verdicts will be repugnant when the crimes upon which the verdicts are returned are either identical as to each of their elements or so related that an acquittal on one negatives an essential element of the crimes upon which there was conviction.” (People v Dercole, 72 AD2d 318, 333, supra; emphasis added.)
*335 In the case at bar, there was an acquittal on a rape in the first degree and on a sodomy in the first degree (penis and mouth), but a conviction on sodomy in the first degree (penis and anus).
As this court instructed this jury, the essential elements of rape in the first degree are:
1. Sexual intercourse with the complaining witness;
2. without her consent; and
3. by forcible compulsion.
In the second count, sodomy in the first degree, the essential elements are:
1. Deviate sexual intercourse (contact between the penis and the mouth) with the complaining witness;
2. without her consent; and
3. by means of forcible compulsion.
In the third count, sodomy in the third degree, the essential elements are:
1. Deviate sexual intercourse (contact between the penis and the anus) with the complaining witness;
2. without her consent; and
3. by means of forcible compulsion.
Obviously, the essential elements in these three counts are not exactly identical so that if this court is to find repugnancy in these apparently inconsistent verdicts under Dercole (supra), there must be no rational explanation for the inconsistency of elements so related that an acquittal on one negatives an essential element of the crime on which there was a conviction.
An examination of the proof is in order to search for a rational explanation for the inconsistency (see People v Wimms, 80 AD2d 837; People v Gerhath, 77 AD2d 628).
The complaining witness testified to acts of rape, anal sodomy and oral sodomy, linking all of the sexual acts together in one encounter in one evening by means of forcible compulsion (the threatened use of scissors). Although each act had a different element in the way it was allegedly performed, that is, “normal” sexual intercourse and deviate sexual act by mouth, and deviate sexual act by *336 anus, the testimony is that each act took place at the same time, at the same place and by the same parties, by force. It might be viewed as one sexual encounter involving three acts.
The only “rational explanation” for the verdict is that the jury must have reached a compromise verdict. (The defendant offers the explanation that the jury misunderstood the court’s charge on the elements of forcible compulsion, but this court has rejected this theory because the court constantly used the words “force” and “threatened use of force” in defining all three crimes.)
Although “compromise verdict” is a rational explanation in the sense of being an answer to how the verdict was reached, can this court, in good conscience, let such a verdict stand merely because it can explain how the jury probably arrived at the verdict?
Some post -Dercole cases in the lower courts provide guidance. In People v Ryan (105 Misc 2d 837), Justice Saverese held that a “rational explanation” of an apparently inconsistent verdict was that the jury misunderstood and misinterpreted the court’s instructions and that, since this was a “logical” explanation, the court would not invade the province of the jury to overturn the verdict.
On the other hand, Judge Cotler, in the New York County Criminal Court, Trial Term, Part 7, in the case of People v Arron (NYLJ, Oct. 30, 1981, p 13, col 6, supra) would not engage in the “mental gymnastics” necessary to support an obviously contradictory verdict. The verdict was set aside and the information was dismissed.
In another case, prior to Dercole (supra), People v Wilson (57 AD2d 908), the Appellate Division held that where the jury had a reasonable doubt on one count of criminal sale of a controlled substance and acquitted the defendant thereon, and then convicted him of another sale on the next day, and where the jury obviously discredited the testimony of the same witness as to the first sale, and believed him as to the second sale, the court reversed the conviction and dismissed the indictment as a matter of discretion and in the interest of justice.
*337 I find that this verdict, although not technically repugnant because there are not identical elements involved, is repugnant in the spirit of People v Dercole (supra). Since the jury acquitted on the rape and oral sodomy charge, it should have acquitted on the anal sodomy charge.
This court agrees with the conclusion of Judge Cotler in People v Arron (supra), and with the Appellate Division, Second Department,' in the case of People v Wilson (57 AD2d 908, supra). This court’s conscience simply will not allow an inconsistent verdict of conviction to stand where it is based on a compromise or on a mistake. There is too much at stake to deprive this defendant of his liberty where there may have been a serious error or compromise.
To paraphrase the court in People v Wilson (supra), if a reasonable doubt existed as to Count No. 2, then a reasonable doubt would have to exist as to Count No. 3. Since a defendant must be convicted upon evidence establishing his guilt beyond a reasonable doubt, this court dismisses the indictment, pursuant to CPL 330.30 and 470.20 (subds 2, 5).